STATE *versus* ORISON F. QUIMBY.

A person competent to serve as *traverse* juror is competent to serve as *grand* juror.

Officers of the United States, although by our statutes they have the right to be excused from serving as jurors, are not disqualified to act as such.

ON EXCEPTIONS, to the ruling of WALTON, J.

State *v.* Quimby.

*Whitcomb*, for respondent.

*J. A. Peters, Attorney General*, for the State.

The case is stated in the opinion of the Court, which was drawn up by

WALTON, J.—Indictment for larceny. The defendant, on being brought into Court, and before his arraignment, submitted to the Court a written motion, in the nature of a plea in abatement, to quash the indictment, because one of the grand jurors, by whom the indictment was found, was a postmaster, and therefore, as the defendant contends, disqualified to act.

By the Revised Statutes, (c. 106, § 3,) certain persons are "exempted from serving as jurors," and the statute directs that "their names shall not be placed on the lists." Among those exempted are "all officers of the United States."

Statutes similar to ours are very common in this country and in England. But, so far as we have been able to discover, none of them have ever been construed to disqualify, but simply to excuse, the persons named. "If they be actually returned, and appear, they can neither be challenged by the party, nor excuse themselves from serving, if there be not a sufficient number without them." Bac. Abr., Juries, E, 6. "By force of the term exempted, we understand the party without the exemption would be liable to perform the duty. A person disqualified, and therefore incompetent and incapable, cannot be exempted from a duty or a service, when the law imposes no such duty or service upon him. Such an exemption is a personal privilege, with which the parties to the cause have no concern, and which furnishes them no cause of challenge, though the Court, upon the suggestion made from any quarter, that a person returned as a juror was exempted, would ordinarily decline to hold him to a duty to which he is not liable, and would, of course, excuse him." *State* v. *Forshner*, 43 N. H., 89.

State *v.* Quimby.

In this State constables have always been exempt from serving on juries; yet, in *Fellows' case*, 5 Maine, 333, John L. Eastman, a constable of Fryeburg, was returned as a juror, and made return himself, that he had duly notified the juror. It was insisted that he was not a competent juror to sit in the cause. The Court held that he was a competent juror, though not compellable to serve.

A person competent to serve as a traverse juror is competent to serve as a grand juror. In respect to competency, the law makes no distinction between grand and traverse jurors. They are drawn indiscriminately from the same list. As our statutory exemption has been held to create no disqualification for service as a traverse juror, we see no reason for holding that it creates a disqualification for service as a grand juror. We think it does not.

It is said that the case is not properly before us, — that the motion to quash the indictment' was addressed to the discretion of the presiding Judge, and that to his ruling exceptions do not lie. But we have preferred to pass over this objection, and consider the motion upon its merits.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DAVIS, DICKERSON and BARROWS, JJ., concurred.