8   159
d60  407

THE KANSAS INSURANCE CO. v. CHRISTIAN BERRY, *et al.*

1. PRACTICE; *Instructions once given need not be repeated.* When the court has once given the law on a point, it is not necessary to repeat it when asked.

2. ———— *Evidence; Admission of papers.* It is not error to reject certain papers offered in evidence by the defendant, where the same papers are already in evidence on the part of the plaintiff.

3. ———— *Papers; When copies demanded and refused.* It is not error to reject papers offered in evidence by the defendant, copies of which have not been furnished the plaintiff upon sufficient demand therefor.

4. INSURABLE INTEREST; *Title to property; Possession.* A policy of insurance, together with the application therefor, is *prima facie* evidence of the title of the insured to the property embraced in the policy. Possession, under a claim of ownership, and coupled with acts of ownership, may also be considered.

5. INSTRUCTIONS, *When incorrect as asked, no error to refuse.* If an instruction as asked is not correct as an entirety, the court is not bound to correct it, but may reject it altogether.

6. VERDICT; *Excessive; Conflicting evidence.* A verdict will not be set aside and a new trial granted, where the evidence is conflicting and there appears enough to support the verdict, on the ground alone that the verdict is for too much.

*Error from Leavenworth District Court.*

ACTION upon two policies of insurance, brought by *Christian Berry* and *Magdalena Berry*, his wife, against the *Kansas Ins. Co.*, of Leavenworth. The *Insurance Co.*, in June, 1868, issued a policy to plaintiffs for the sum of $1,600 upon two store houses situate in the town of Tonganoxie; and in August following they issued a second policy to same parties in the sum of $1,500 upon a stock of goods in one of said stores. Each policy was issued upon a written application and survey, signed by both the *Berrys*, in which the subject of insurance is represented as their joint property, and that the same was free from incumbrance, and that the said buildings were worth the sum of $2,500, and that the stock of goods were worth the sum of $2,000. The policies make the representations of the applicants "warranties," and are "to be null and void if any of the material statements therein contained are untrue." A fire occurred on the 8th of December, 1868, by which the stores and goods insured were totally destroyed. On the 12th of December *Christian Berry* made an affidavit and delivered the same to the *Insurance Co.*, in which he stated that the property insured was, at the time of its destruction and the issuing of such policies, the property of his wife, *Magdalena Berry*. On the 14th of January, 1869, said insured served additional proofs of loss, sworn to by both, stating that the property insured belonged to both. At the time of effecting the insurance upon the buildings, the lots on which they were situated had been sold for taxes, and were not redeemed at the time the action was brought.

The case was tried at the February Term, 1870. Many questions arose at the trial on admitting certain evidence and

papers, and upon instructions asked and refused, and instructions given. These questions, with the evidence and instructions material to the points decided, are stated in the opinion. The plaintiffs below had judgment for $2,977; and the *Insurance Co.* bring the case here on error.

*T. A. Hurd* and *Sawyer & Herman,* for plaintiff in error:

1. The application being referred to in the policy as forming a part thereof, it becomes a part of the contract and warranty, and the answers, if untrue, avoid the policy. Angell on Ins., § 14; 30 N. Y., 136; 31 Me., 219; 43 N. H., 176; 6 Minn., 82; 22 Conn., 235; 3 Mason, C. C., 6; 3 Gray, 581; 3 Dow, 255; 16 Wis., 323; 31 Penn. St., 315.

The ownership of the property being stated in the application to have been theirs, while the affidavits of the plaintiffs below, and the evidence on the trial, prove the property to have been the sole and separate property of Mrs. Berry, and show such a violation and breach of the warranty as vitiated the policy.

Plaintiffs below, in their application, also stated that (except a mortgage on the lots) there was no other interest in the property except their own, when in fact the lots had been sold for taxes about three months prior to the time the insurance was effected; and the purchaser at the tax sale became, as to strangers, the owners of the property; the title vested in him defeasible only by redemption. This was such a violation of the warranty that it vitiated the policy. 3 Wood & Minot; 21 Conn., 529; 10 Cush., 446; 49 Me., 20; 18 Ind., 302; 2 N. Y., 122; 50 Penn. St., 299; 1 Arnould on Ins., §§ 577, 579, 584; Dowd on Fire Ins., 35; Beaum. on Ins., ch. 7; 1 Marsh on Ins., 354; 1 Peters, 410; 4 Kas., 354; Blackw. Tax Titles, 300.

2. It was a condition of the policy that no more than 25 pounds of powder should be in the building at any one time. Plaintiff's schedule filed on making proof of loss shows that at the time of the fire there were 85 pounds of powder in the store. This alone vitiates the policy, and the judgment should

be reversed.    1 Kerr; 38 N. Y., 364; 8 Excheq., 819; 1 Phil. on Ins., 416.

3. The proof clearly shows that the property belonged to the wife only.    When the property belongs to the wife, and the husband insures it as his property, it is such a misrepresentation as avoids the policy.    1 Metcalf, Ky., 523.

4. A policy of insurance is a joint contract with the assured. If it is void as to one, it is void as to all.    Christian Berry having no insurable interest, the policy is void as to him; and if void as to him, it must be void as to Magdalena Berry, his wife.    The contract is an entirety, and cannot be divided; it is indivisible, and if void in part was wholly void.    1 Story C. C., 59; 51 Me., 110; 25 Barb., 497; 10 Cush., 587.

5. The term "false swearing," as used in the conditions annexed to a policy of insurance, means an intentional and corrupt misstatement under oath, for the purpose of proving the existence of property not lost, or of overcharging the property destroyed, or concealing that which was saved.    The preliminary proofs the affidavits of Christian Berry and Magdalena Berry, with their evidence on the trial, prove that there was false swearing; and this being one of the strongest grounds for vitiating a policy, the judgment must be reversed.    2 Hall, N. Y. Sup. Ct., 527.

6. The court erred in admitting the affidavits and proofs of loss as evidence.    There being no issue as to the sufficiency of the proofs, nor as to the time in which they were furnished, they were evidence only to show that plaintiffs below had complied with the requirements of the policy in this respect, and for no other purpose.    30 Mo., 160; 42 Penn. St., 188; 13 Wis., 677; 9 Barb., 191.

7. The court erred in refusing to allow plaintiff in error to read the preliminary proofs, sworn to by the plaintiffs below. It was proper evidence to show fraud and false swearing, and violation of the conditions in the policies in regard to the gunpowder.    4 Denio, 502.

8. The court erred in giving the following instruction asked for by plaintiffs below:    "That the policies, with the

applications described the petition, in this action are *prima facie* evidence of title, and of an insurable interest therein in the plaintiffs." 2 Greenl. Ev., §§ 404, 405, 406; 23 Wend., 41.

9. The instructions asked by plaintiff in error, it is claimed, were all in accordance with the law, and it was error to refuse them. It is difficult to conceive how any court could for a moment have refused to give the instructions which the court below refused.

10. It is a general rule that where the verdict is against the law, a new trial will be ordered. 1 Gra. & Wat., 327; 1 Wash. C. C., 123. And if the verdict is against the evidence a new trial will be ordered. 37 Penn. St., 205; Ang. on Ins., § 11; Phil. on Ins., p. 582.

*Clough & Wheat*, and *Green & Foster*, for defendants in error:

1. The Insurance Company claimed that there had been a fraudulent over valuation. As that matter was submitted to the jury with proper instructions, their finding is conclusive. 35 Mo., 148; 16 Wend., 481; 5 Caldwell, 547; 29 Maine, 97; Digest of Fire Ins. Decisions, 631, § 8; 10 Cushing, 351; 18 Md., 26; 2 Dutcher, 541; 48 Penn. St., 374; 2 Ohio St., 453; 2 Hall, 490.

2. The Insurance Company claim that Christian Berry had not any interest in the property insured, and that therefore it was not liable for the loss. The statements in the policies, etc., were *prima facie* evidence of title, and of an insurable interest in both plaintiffs below. 1 Allen, 63. But the evidence showed that both plaintiffs below had an interest in the property insured.

That the husband had an insurable interest in the property even though the wife owned it, see 30 Maine, 414; 18 Md., 27, 271; 15 B. Monroe, 411; 1 Wend., 85; 50 Penn. St., 341; 2 Grattan, 408; 18 La., O. S. 431; 10 Leigh, 536; 10 Cush., 37.

3. It is claimed that the assured had forfeited one of the policies by keeping too much powder on the premises. That

matter was submitted to the jury, who by their verdict nega-
tived that claim of the Company.

That there was no error in the rulings of the court in rela-
tion to that matter, and also as to what is meant by storing,
keeping, etc., of prohibited articles, see Digest Fire Ins. Deci-
sions, 556 to 563; 2 Ohio St., 452; 10 Rich., L., 202; 8 Conn.,
459; 10 Cushing, 356; 3 Harrison, 480; 22 E. C. L. R., 481;
1 Hall, 226; 29 Maine, 97; 11 N. Y., 554; 5 Minn., 492.

4. That neither the pleadings nor evidence about the tax
sale were sufficient to sustain the claim of the Company about
no title, etc., in the 9th ground of defense, because it is not
thereby shown that the requirements of the law were com-
plied with, see 1 Kas., 97; 6 Kas., 311; 11 Ill., 238; 4 Nevada,
150; 5 Dana, 581; 1 Chitty's Pl., 519; 1 Story's R., 135.

But as the time of redemption had not expired when the
loss occurred, the title would not have passed even if the pre-
tended sale and all antecedent requirements of the law in that
respect had been shown to have been complied with. 14 Ill.,
410; 22 id., 255; 1 Douglass, 276; 20 Johns., 4; 12 N. Y. 541.

5. The court ruled correctly in refusing to permit the Com-
pany to read in evidence deeds, instruments and writings, copies
of which had been demanded, according to the provisions of §
369 of the code, by the defendants in error, and refused by
plaintiffs in error.

The opinion of the court was delivered by

KINGMAN, C. J.:   This is a proceeding in error to reverse a
judgment by which Christian Berry and Magdalena Berry
recovered of the plaintiffs in error $2,977 for loss sustained by
reason of a fire which destroyed two buildings and a stock of
groceries which the plaintiffs in error had insured as the prop-
erty of the Berrys.

This court has repeatedly decided that where questions of
fact are submitted to a jury with proper instructions and upon
conflicting evidence, that we would not disturb the
verdict because of a mere preponderance of evi-
dence against it.   We only look into the record to see if there

Settled ques-
tions.

was evidence to sustain the verdict, not to weigh it. Another principle has been often decided, and is here re-affirmed, and that is, where the court has once fairly given the law on a certain point to the jury, it is under no obligation to give it again because asked by one of the parties. These two principles settle most of the questions raised in this case.

It may be well enough to waste a few words in illustration of what has just been said. The counsel for plaintiff in error argued at length that the application for a policy of insurance " being referred to in the policy as forming a part thereof, it becomes a part of the contract and warranty, and the answers made by the insured to the questions in the applications are warranties, and as much a part of the policy as though they had been written on the face of the policy, and if untrue avoid the policy." In support of this proposition over a hundred authorities are referred to. On turning to the record we find that, at the request of the plaintiffs in error, the court instructed the jury as follows: " That the representations in the applications for insurance, made in answer to the questions asked therein, are warranties, and if untrue avoid the policy." This was one of the main grounds of controversy. The evidence was conflicting. The law was given to the jury as the plaintiffs in error asked. The jury then had the duty of weighing the evidence, passing upon the intelligence and truthfulness of the witnesses, and finally passing upon the issue submitted by their verdict. That duty we shall not wrest from them.

Again: The plaintiff in error asked fourteen instructions in various forms to the effect that if Magdalena Berry owned the property insured, and Christian Berry did not have any interest therein when the policies were issued, then each of the policies was void, and the plaintiffs could not recover; and the refusal to give each of these instructions is pressed in argument in this court as error that ought to cause a reversal of the judgment; and a multitude of authorities are are cited in support of the propriety of the instructions. On turning to the record we find this same law was given to the jury twice; once in the instruction above

1. Instructions once given need not be repeated.

quoted, (for the evidence shows that the Berrys represented themselves as joint owners of the property in the application for insurance,) and in that instruction the jury were told that if these representations were untrue there could be no recovery on the policies. But the court at the request of plaintiff in error charged definitely as follows: "That before the plaintiffs can recover they must show by the preponderance of evidence that at the time of making the applications for insurance the plaintiffs were joint owners of the property insured; and if the jury find they were not such joint owners, the plaintiffs cannot recover." Having thus given the law on this point twice, the court was not bound to repeat it thirteen times more, for no reason that we can perceive, except that the ingenuity of counsel enabled them to state a simple proposition in so many different forms, and that they demanded of the court a recognition of that ingenuity. The court acted probably from a desire to assist the jury rather than from a lack of appreciation; and our duty seems to require the same decision. On this point it may be remarked that the evidence seems to justify the verdict.

A specimen only has been given of the numerous errors alleged, of which we cannot take notice. Of those which demand attention are two: Certain papers containing the

2. Evidence need not be given twice.

preliminary proofs of loss were offered in evidence by the plaintiff in error and rejected by the court. On an examination of the record we find that one set was rejected because the same papers were already in evidence, which if true was a sufficient reason for excluding them. It seems that the preliminary proofs were twice made out. The plaintiff in error offered one series which was excluded for the reason given above. Plaintiff in error then offered the other series which were rejected because the other party had long before demanded in writing copies of all papers intended to be

3. Papers withheld on proper demand not admissible.

used, and these papers had not been furnished. On these facts being made to appear to the district court the court refused to allow them to be read in

evidence. It is hardly necessary to say that the decision was correct: (Sec. 369, code.)

Another error alleged, is, that the court admitted testimony to vary or contradict the policy. The answer to that is, that there is no such testimony in the record. At the request of defendants in error the court instructed the jury, "That the policies of insurance with the applications described in the petition in this action are *prima facie* evidence of title, and of an insurable interest therein in the plaintiffs." It was insisted that this instruction is incorrect. To see just how the jury were directed on this, it will be necessary to refer to a previous part of the charge of the court where the law was laid down to be, that possession was *prima facie* evidence of title to property, but that this was open to be rebutted by other evidence in the case; that possession by one as agent raised no presumption of title in the agent; and that it was for the jury to say what the evidence showed as to the ownership of the property; that unless the evidence showed a joint ownership of the property there could be no recovery. This was a correct ruling on this point: *Nichols v. Fayette Mutual Fire Ins. Co.*, 1 Allen 63; *Fowler v. New York Indemnity Ins. Co.*, 23 Barb., 150. Possession and acts of ownership are always *prima facie* evidence of ownership of property.

The defendant (plaintiff in error) asked a series of intsructions, twenty-nine in number, of which the court gave one and refused the others. Fourteen of these have been elsewhere noticed. Of the others many had been substantially given, such as the 6th and 14th, that the keeping of more than twenty-five pounds of gunpowder in the store violated the policy and prevented a recovery. The 4th, 9th, and 10th, in reference to false swearing, are not accurate statements of the law. The law in relation to that point had been correctly stated by the court. The 2d and 11th had already been given. The 3d and 18th are not law, as they are stated; and the same remark applies to the 24th and 28th. With a slight but material change they would have been correct. We may illustrate by a

*Marginal note: 4. Title to property; prima facie evidence.*

single observation as to the 24th: That, (as asked,) is as follows: "The defendant need not prove beyond a reasonable doubt that the fire was intentional on the part of the plaintiffs; and if the jury believe from the evidence that plaintiffs willfully, negligently, or carelessly allowed their property to be destroyed by fire, so as to procure the insurance thereon, or that any portion of the stock was removed before the fire, they must find for the defendant." Now, the first part of this instruction may be law. The authorities differ about that. But the last clause is neither law nor common sense. If it is law, and a man insures a grocery store, he violates the policy if he carries away any part of his stock, no matter how small, or what the motive is. If the whole instruction is not correct in its entirety, the court had a right to reject it. The same is true of the 28th.* If the proposition of law is correct, still it would not prevent a recovery for the stock of goods; and the instruction is faulty in saying that the jury must find for the defendant, thus including both policies. We do not propose to decide anything more than the court correctly refused the instruction. The 15th instruction is open to the same criticism.† If the buildings had been sold by deed, it would not have prevented a recovery on the policy for the goods destroyed. We do not intend to decide that the sale to the county of the property insured so far affected the title that a concealment of that fact in the application vitiated the policy. The instruction refused is so faulty that we cannot decide the question submitted.

5. Instructions should be correct as asked.

It is urged that a new trial should be awarded because the verdict was for too much. It was certainly authorized by the evidence for the defendants in error. It was too large according to the testimony of the plaintiffs in error. The jury had all of this before them, and

6. Excessive verdict; conflicting evidence.

* SAID 28th instruction asked by plaintiffs in error is as follows: "28.–If the jury believe from the evidence that the *building* insured as and for a confectionery store, as expressly warranted in the application of the plaintiffs, was used for any other purpose without the consent of the Insurance Company, and such consent written on the policy, it is such a misrepresentation as avoids the policy, and they must find for the defendant."

† This (15th) instruction related to the sale of the lots for delinquent taxes, and their purchase by the county. See plaintiff's brief, ante, p. 161.—REPORTER.]

we see no reason to disturb their finding. The judgment is affirmed.

VALENTINE, J., concurring.

BREWER, J., not sitting.