No. 5926.

### STATE OF LOUISIANA VS. ALEXANDER NEWTON.

28   65
51   294

Act 94 of the acts of the Legislature of 1873 exempts, among others, from serving as jurors, "the judges and officers of the several courts of this State." The juror exempted in this case, being an assistant clerk of the Second Municipal Police Court in the city of New Orleans, was an officer of court within the intendment of the act, and was correctly discharged on his claiming the exemption.

It appears that the clerk furnished the sheriff with blanks, to be filled with the names of talesmen as he summoned them. This form of summons was signed by the clerk, with the seal of the court affixed. No such summons was necessary; the sheriff could legally summon talesmen without serving a written notice upon them. In this case it appears that the sheriff did summon talesmen, and his serving the blank forms given to him for inserting the names of such as he summoned gave no additional validity to his act, nor did it detract from it. The order of the court a qua overruling defendant's exception on this ground was correct.

The judge a quo did not err in refusing to charge the jury as follows: "Malice excludes passion; passion presupposes the absence of malice. In law they cannot co-exist."

The charge of the judge, as it stands in the record, was sufficient, and rendered it unnecessary for him to present to the jury the propositions offered by defendant, which are somewhat obscure, and the soundness of which does not readily appear.

The gist of one of defendant's exceptions is, that "evidence of the condition of the accused at the time of the killing, whether drunk or sober, should be permitted to go to the jury in connection with other facts in determining the question of malice," and that the court refused so to charge as requested by defendant. The refusal of the court below so to charge was correct, inasmuch as the question raised had already been discussed in the general charge, and evidence of the condition of the accused as to intoxication had been given on the trial without objection.

APPEAL from the Superior Criminal Court, parish of Orleans. *Braughn,* J. Jury trial. *C. H. Luzenburg* and *Alex. Dalsheimer,* for defendant and appellant. *A. P. Field,* Attorney General, for plaintiff and appellee.

TALIAFERRO, J. The defendant was convicted of the crime of murder and sentenced to death. He has appealed.

The grounds set up for reversal of the judgment of the court *a qua* appear in six bills of exceptions found in the record:

First—During the impaneling of the jury a juror being sworn on his *voir dire* stated in answer to a question by the Attorney General, that he was an assistant clerk of the Second Municipal Police Court in the city of New Orleans. Thereupon the Attorney General stated that he was an incompetent juror, and in this was sustained by the court for the reason that the juror was exempt by law, and that he claimed his exemption. The juror was discharged. The objection is that the juror was not entitled to exemption, and that his discharge was illegal.

Act 94 of the acts of the Legislature of 1873 exempts among others ."the judges and officers of the several courts of this State." The juror was an officer of court within the understanding of the act, and was correctly discharged by the court on his claiming the exemption.

State of Louisiana vs. Newton.

Second—The court had ordered the sheriff to summon a hundred talesmen to serve as jurors, and when one of them was called to be sworn the defendant by counsel challenged the whole array of talesmen on the ground that they were summoned by the clerk, and not by the sheriff.

It appears the clerk furnished the sheriff with blanks, to be filled with the names of talesmen as he summoned them. This form of summons was signed by the clerk, with the seal of the court affixed. No summons was necessary; the sheriff could legally summon talesmen without serving a written notice upon them. In this case it appears the sheriff did summon talesmen, and his using these blank forms for inserting the names of such as he summoned gave no additional validity to his act, nor did it detract from it. ￭ The order of the court overruling the objection was correct.

Third—This bill of exceptions is not pressed.

Fourth—The judge in charging the jury said: "You have sworn, gentlemen of the jury, to truly try and deliverance make between the prisoner at the bar and the State, and to decide the case according to the law and the evidence; this will show that although you are the judges of the law and of the facts you are morally bound by certain obligations. Being the sole judges, sovereign in your conclusions, you can disregard both the law and the facts, but you should not do so; while you have the power to disregard the law and the evidence, you have neither the moral nor legal right to do so."

. The objection is that the judge should only have told the jury "they were judges of the law as well as of the facts."

We find no weight in this objection. The judge did say in his charge all that the defendant contends he ought to have said. His observations in connection with that part of his charge contain nothing contradictory to it, nor anything calculated to lead to any other meaning.

Fifth—This exception is to the refusal of the judge to charge the jury as follows: "Malice excludes passion; passion presupposes the absence of malice. In law they cannot co-exist."

The ruling was correct. The judge had already, in a very lucid manner, after clearly defining the crime of murder, given in charge to the jury that "if the evidence satisfies you that the accused is not guilty of murder; that the requisites of either express or implied malice, as it has been defined to you, are absent, and that the crime is reduced to manslaughter, you will return a verdict accordingly. That drunkenness is not an excuse for crime, but on the contrary an aggravation."

This was sufficient, and rendered it unnecessary for him to present to the jury the propositions offered by defendant, which appear somewhat obscure, and the soundness of which does not readily appear.

Sixth—The gist of this exception is that "evidence of the condition of the accused at the time of the killing, whether drunk or sober, should be permitted to go to the jury in connection with other facts in determining the question of malice," and that the court refused so to charge the jury as requested by the defendant. The court appended to this bill of exceptions the following:

"The court so refused to charge the jury, as the question raised had already been discussed in the general charge, and evidence of the condition of the accused as to intoxication had been given on the trial without objection."

We think this sufficient.

There are no grounds to authorize a reversal of the judgment rendered in this case.

Judgment affirmed.