Mr. Justice Merrick
delivered the opinion of the court.
This was an appeal'from the Criminal Court where there was an indictment and conviction of murder, the defendant exexcepted for error in the refusal by the court of an instruction and also made a motion for a new trial upon the ground that one of the jurors was incompetent. The instruction which he prayed, and which was refused, is in these words:
“If the jury are not satisfied from the evidence that the defendant, at the time he committed the act, was so mentally unsound as to render him incapable of judging between right and wrong; yet if the jury find from the evidence that there was such a degree of mental unsoundness existing at the time of the homicide as to render the defendant incapable of premeditation and of forming such an intent as the jury believe the circumstances of this case would reasonably impute.to a man of sound mind, they may consider such degree of mental unsoundness in determining the question whether the act was murder or manslaughter.”
The first criticism to he made upon the application for the reversal of the judgment of the court below in refusing this prayer is, that there was no evidence whatsoever upon which to found the prayer. There was no suggestion of any insanity on the part of the defendant, and no evidence tending to prove in any manner that he was insane; and the only ground upon which it was argued here that a prayer of that sort should be granted was because the offence was a very barbarous one in itself.
The authorities are explicit that the barbarous manner in which a homicide is committed does not in itself furnish any basis for the defence of insanity. But above and beyond that the prayer is inconsistent with itself — is incongruous and radically vicious. It rests upon the idea that there is a grade of insanity not sufficient to acquit the party of the crime of manslaughter and yet sufficient to acquit him of the crime of murder.
The law does not recognize any such distinction as that *496 in the forms of insanity. The rule of law is very plain that in order that the plea of insanity shall prevail, there must have been that mental condition of the party which disabled him from distinguishing between right and wrong in respect of the act committed.
Now if the prisoner was so far capable of distinguishing between right and wrong as to be guilty of the crime of manslaughter, he surely was capable of distinguishing between right and wrong in respect of the crime of murder of the identical party. There can be no recognition of the doctrine that a man is incapable of distinguishing between right and wrong so as to determine that the case is not a case of murder, and yet- capable of distinguishing between right and wrong so as to be guilty of manslaughter. There is no such doctrine, and nothing in the books that favors any such idea. The prayer therefore is unsound in all respects, and even if it had been sound, not being supported by evidence, the court below was entirely justified in rejecting it.
There is another objection made upon the motion for a new trial to the effect that one of the jurors was incompetent to sit because he had been the holder of a subordinate office under the District of Columbia. The jury law exempts from service on juries parties who are engaged in public office, whether on the part of the Government or on the part of the District of Columbia. It exempts other classes of persons also from jury duty, but the perons exempted are not disqualified as jurors. It is simply the privilege of the party to become exempt from jury service on account of. other engagements. But he has the capacity —the faculty to be a juror. It is his own personal privilege, and he alone is the party who shall take advantage of it. If he pleases to waive that privilege he is still a competent juror, and he has all the functions and powers which the law imputes to a man as necessary to constitute one of the twelve triers of an accused. This objection, therefore, affords no ground upon which a motion for a new trial can be sustained.
This subject has frequently been before the courts and *497 the doctrine is very thoroughly and conclusively established It is laid down in Bishop on Criminal Procedure in the third edition at section 886. But the most recent case in which the subject has been exhaustively considered and all the authorities of all the States brought together, is to be found in the case of Green against The State, reported in 69 Md., 128. There the Court oí Appeals reviews all the decisions both in England and in this country upon the subject, and it needs only to refer to that case for the sufficient reasonings upon which they maintain and confirm the justice of the rule of law that where a person is exempted from service on a jury he is not thereby disqualified. It is his personal privilege only, and unless he please to take advantage of it, it cannot be taken advantage of on a motion for a new trial.
Those were the only two objections, presented why the judgment of the court below should riot be affirmed by this court, and finding no sufficient cause for reversing the judgment upon either of these reasons, it will be affirmed.