## The State of Kansas v. George York.

### No. 315.

CRIMINAL LAW—*Nuisance—Information Verified by Non-resi-·dent.* Where an information is filed by the county attorney under the provisions of section 39, chapter 101, General Statutes of 1897, but verified by another, it is not error for the trial court to overrule a motion to quash such information because it does not show upon its face that the person who verified it is a citizen of the county.

Appeal from Osborne district court ; CYRUS HEREN,. judge. Opinion filed June 20, 1898. Affirmed.·

*S. W. Smith*, county attorney, for appellee.

*D. M. Thorp, J. W. Tucker*, and *J. L. Travers*, for appellant.

The opinion of the court was delivered by

WELLS, J. : The appellant, George York, was convicted in the district court of Osborne county of keep-

ing and maintaining a common nuisance in the city of Downs, under the provisions of section 39 of chapter 101 of the General Statutes of 1897, and judgment was rendered accordingly. From this judgment he appeals to this court, and specifies eleven alleged errors as reasons why said judgment should be vacated and set aside. These we will consider in their order, so far as it seems necessary to do.

The first is a triple allegation : (1) In allowing incompetent jurors to remain upon the jury ; (2) in excusing jurors without sufficient excuse, after they had been examined and passed for cause ; and, (3) in permitting the sheriff to select talesmen from the bystanders. The incompetency alleged was that one of the jurymen was a preacher and the other was sixty-four years old. Section 17 of chapter 94 of the General Statutes of 1897 exempts from jury service ministers of the gospel and all persons more than sixty years of age. In *Moore v. Cass*, 10 Kan. 288, it was held that this law is for the benefit of a class of men, and if the exemption is not claimed by the party interested there is no one else injured by his service on the jury. We know of no reason why a party seeking a vindication of his rights is prejudiced by having the question of fact submitted to the decision of a minister of the gospel, or a man sixty-four years old, as a juror. Two jurors, after they had been examined and passed for cause, were excused by the court on account of ill health. This was fully authorized by section 18 of chapter 94 of the General Statutes of 1897. In *State v. Dickson*, 6 Kan. 209, the supreme court said :

" It is within the discretion of the court having jurisdiction to excuse persons summoned upon juries from serving in any particular case, upon application being made for such excuse ; and unless it is shown

that such discretion has been abused a reviewing court will not interfere.''

We see no abuse of discretion here. Did the court err in permitting the sheriff to select talesmen from the bystanders? Section 22 of chapter 94 of the General Statutes of 1897 provides for this method of selection. It also provides that, upon request of a party, the judge shall make such selection and cause a venire to issue. No such request was made.

The second allegation of error is that the court erred in overruling appellant's motion to quash the information. It is contended that, as this information was sworn to by a person other than the county attorney or attorney-general, it should have been shown upon its face that such person was a citizen of the county. No attempt is made to show that the person who verified this complaint was not a citizen of the county, but the appellant contends that the failure to state such fact is fatal. No authority is cited to support this contention, and under our practice we do not think it can be sustained.

Section 39 of chapter 101 of the General Statutes of 1897, under which this action was brought, provides that "the attorney-general, county attorney, or any citizen of the county where such nuisance exists or is kept or is maintained, may maintain an action in the name of the state to abate and perpetually enjoin the same." This action was begun and maintained by the county attorney of Osborne county. Said section makes no provision for the verification of the information, but leaves that matter to be governed exclusively by section 84 of chapter 102 of the General Statutes of 1897, without any modification whatever, which provides: "All informations shall be verified by the oath of the prosecuting attorney, complainant, or some

other person,'' and it was immaterial whether the person who verified it was a citizen of the county or not.

The third assignment or error is the admission of incompetent evidence in allowing certain witnesses to testify that certain liquids which had been examined by them were beer. Under the rule laid down by VALENTINE, J., in *City of Parsons v. Lindsay*, 26 Kan. 426, this was not error.

The fourth assignment of error is in refusing to admit certain evidence offered by the defendant. We see nothing in this assignment worthy of consideration. The fact that a replevin suit had been instituted for some of the goods taken was entirely irrelevant. The question as to the knowledge of the prosecuting witness is sufficiently referred to herein under the sixth allegation of error.

The fifth assignment of error was in relation to the instruction given by the court over the objection of the defendant. We think said instruction correctly stated the law applicable to this case.

The sixth allegation of error is the refusal of instructions asked by the defendant. It is contended by the appellant that the court should have instructed the jury to find the defendant not guilty (1) because the prosecuting witness was not in the defendant's place of business during the time covered by the information; (2) because there was not sufficient evidence to convict. The law does not require that the prosecuting witness have actual personal knowledge of the transaction charged in the information. (*The State v. Etzel*, 2 Kan. App. 673.) There was sufficient evidence to warrant the conviction of the defendant.

The law in relation to reasonable doubt was correctly given by the court, and counsel for appellant is

in error in asserting that it is the duty of the court to give instructions in such language as the defendant may suggest. See *Kansas Ins. Co. v. Berry*, 8 Kan. 159; *Abeles v. Cohen*, 8 id. 180; *Lobenstein v. Pritchett*, 8 id. 213.

It is alleged that the attorney for the state was guilty of misconduct in making statements of facts not in evidence. Such misconduct was certainly not very gross, and while it is probably true that the defendant would have the right to an instruction to the jury to disregard such statements, we find no request therefor.

We find no reversible error in this case. The judgment of the court below will be affirmed.