This case and the contempt proceedings against one Vincent Garcia are practically inseparable, both of which were decided on the same date. That case is practically decisive of this one, as the same testimony, as well as law, was involved in both. See the proceedings against Vincent Garcia, Frederiksted Sub-Judicial District, January Term, 1929 (1 V.I. 196).

In the Matter of Contempt Proceedings Against

### VINCENT GARCIA

January Term, 1929

District Court of the Virgin Islands

Frederiksted Sub-Judicial District
St. Croix

February 8, 1929

WILLIAMS, *Judge*

The above named Vincent Garcia was summoned as a juror to serve in the January Term of this court, beginning at Frederiksted Sub-Judicial District on the 18th January, 1929. He failed to appear at that time, and a warrant was issued, and on the authority of same he was brought into court, to show cause, if any he had, why he should not be punished for contempt. Upon his appearance he testified that he was perfectly willing to appear and serve as juror, but that he was prevented from doing so by his superior officer; that he thought he was under his orders, and, being in the United States Service, he had to

obey the orders of his superior officer, said service being that of Assistant Lighthouse Keeper at Hams Bluff, Frederiksted, St. Croix, his superior officer being the principal Lighthouse Keeper in the service of the United States Government. He gave the impression that his superior officer did not consider that persons in such service could be called on to render jury service. The matter was then continued for further hearing at another date, when his said employer could be present. The matter again came on, on the 23rd day of January, 1929, in pursuance of said continuance, and the said Lighthouse Keeper testified that he not only did not interfere with him, said Garcia, but urged him to come to court and make his excuses and request to be excused from service; that the failure to appear was due entirely to wilfulness on the part of Garcia, and not to any interference whatsoever on the part of anyone. His testimony was substantiated by two workmen who happened to be on the place at the time, but were leaving the island on the very day of the hearing, namely, Modesto Salgado, carpenter, and Virgilio Colorado, mason. In the circumstances, and from the testimony, it was necessarily found that Garcia wilfully disobeyed the summons of this court.

It may be also remarked that Garcia owns several estates in St. Croix and is a voter there, and generally receives the benefits of that community.

Juries are drawn under the authority of chapter 12, Title V, of the Code (1921), the applicable part thereof being section 3 (4 V.I.C. § 472), which reads as follows:

"Section 3. A person is exempt from liability to act as a juror if he be:

"(1) A judicial officer;

"(2) A practicing physician or dentist;

"(3) A minister of the gospel or priest of any denomination;

"(4) An attorney at law;

"(5) Any civil officer of the District, or of the Municipality, or of the United States, whose duties are at the time inconsistent with his attendance as a juror."

█ It will be noted that the persons under the First, Second, Third and Fourth Sub Paragraphs are absolutely exempt, while those in the Fifth classification — the one under which the said Garcia comes — are only qualifiedly exempt. Such persons are to serve unless their (his) "duties are at the time inconsistent with their (his) attendance as a juror". In probably all of the States of the Union, as well as here, there are certain classes of persons exempt by law from serving on juries, either in an absolute or qualified way. U.S. v. Lee, 15 D.C. 489, 54 Am. Rep. 293; State v. Tulip, 9 Kan. A. 454, 60 Pac. 659; State v. Guimby, 51 Me. 395; U.S. v. Barber, 21 D.C. 456; Ellis v. State, 25 Fla. 702; State v. Newton, 28 La. Ann. 65; In re Swett, 20 Pick. (Mass) 1. While these exemptions usually include public officers of the United States, the exemption need not necessarily be absolute; nor are all persons in the service included in the words "any civil officer". For instance, in U. S. v. Barber, supra, it was held that a person employed by the United States to sell stamps, at a small yearly salary, was not a salaried officer of the Government of the United States, so as to render him exempt from jury duty. And in Ellis v. State, supra, an assessor of taxes for a town or city is not, by reason of such office, exempt from jury duty. The statutes, of course, are not uniform on the subject, and the wording of the particular statute has to be looked to. This jurisdiction has not seen fit to make absolute exemption of any of the civil officers of the district, or the Municipality, or the United States, but has been careful to avoid any injury to the public service, by saying they should be exempt from jury service if their duties are at the time inconsistent with such service.

█-█ It must be noted that the exemption from jury

duty is not a disqualification to act as juror, but is merely a matter of privilege to be exercised by the juror, and not by one of the parties to the action. People v. Owens, 123 Cal. 482, 56 Pac. 251; U. S. v. Lee, supra; Murphy v. People, 37 Ill. 447; Green v. State, 59 Md. 123, 43 Am. Rep. 542; People v. Lange, 90 Mich. 454; Patterson v. State, 48 N. J. L. 381; Glassinger v. State, 24 Ohio St., 206; State v. Miller, 2 Black F. Ind. 35; State v. Day, 79 Me. 120; State v. Forshner, 43 N. H. 89, 80 Am. Dec. 132. Furthermore, a person summoned as a juror has no right to exercise his judgment in the matter, because the exemption is a matter for determination by the court. King v. State, 90 Ala. 612; State v. Prunn, 50 Miss. 87. The usual practice is to examine a person claiming exemption on his voir dire and to receive his statement as prima facie evidence, although that statement may be controverted. King v. State, supra. But, however, the burden is on the person claiming the exemption to show all the facts necessary to bring him within the provisions of the law. Phillips v. State, 68 Ala. 469.

Upon his examination it was in no wise certain that his duties at the time were particularly inconsistent with the service as a juror. His duty to the community is emphasized by some of the facts above mentioned, such as owning estates in St. Croix and voting therein. However, he was excused for this term.

The importance of the service to which he is attached is not underestimated. Lighthouses are one of the most important aids to navigation, and were doing duty along the shores of the Mediterranean before the compass and sexton were thought, or even dreamed, of. The greatest of them was built on the little island of Pharos, just outside the harbor of Alexandria, shortly after 300 B.C. and reached the astounding height of 370 feet, and was counted by the ancients as one of the seven wonders of the world — "Pharos Lighthouse".

■ In order that such an important service might not be interfered with he was given the benefit of the doubt, as above stated, and excused. However, he could not be excused for not appearing and making his excuses. As we have above seen, it was his lawful duty to do so; hence a fine was imposed upon him for his wilfulness, which could not be overlooked. Therefore, he was adjudged guilty of contempt of court.