Shepard v. Pratt.

---

## H. D. SHEPARD v. C. H. PRATT, et al.

16　209
f 62　509
16　209
71　873

1. TESTIMONY; *Facts; Opinions of Witness.* A witness should state the facts, and not his conclusions from the facts. So, where in a deposition a witness, after testifying that he heard a conversation between certain parties, proceeds as follows: "From such conversation I learned," and then gives, not his recollection of what the parties stated, but what he understood was the result of the conversation, *held*, there was no error in ruling out that portion of the deposition.

2. LOST PAPERS; *Diligence; Secondary Evidence.* Where secondary evidence is sought to be introduced of the contents of an instrument claimed to be lost, it is not sufficient for a witness to give his opinion as to the character and extent of the search made for it; he should disclose the facts concerning the search, that the court may determine whether a sufficient one has been made.

3. PARTNERSHIP; *Sharing Profits.* A sharing of the profits is not always conclusive evidence of a partnership.

4. ———— *Profits, as Compensation for Services.* Where a party without any interest in the property is, by agreement, to receive as compensation for his services, and only as compensation therefor, a certain proportion of the profits, and is neither held out to the world as a

partner, nor through the negligence of the owner permitted to hold himself out as partner, he is not a partner, either as to the owner or third parties.

5. INTEREST; PLEADING; *Liquidated Demands.* Wherever a demand is liquidated, and a sum certain is claimed, no interest is recoverable unless claimed, and unless the time from which it is to be computed is stated in the petition.

6. ———— *Unliquidated Demands.* It is unnecessary in most actions where the demand is unliquidated, and sounds wholly in damages, and where there is but a single cause of action, to state specifically and in amounts the different elements or items which go to make up the sum total of the damages. It is enough to claim so much in gross, as damages for the wrongs done.

7. ———— *Verdict; Measure of Damages.* In such a case, the only limitations upon the size of the verdict are, that it shall not exceed the gross amount claimed, and that the jury in arriving at it shall have had regard to the true measure of damages.

8. TROVER; *Measure of Damages.* In actions in the nature of trover for the conversion of personal property, the measure of damages is ordinarily the value of the property at the time of the conversion, with interest thereon to the date of the verdict.

9. ———— *When Interest is Not Recoverable.* Where a petition alleges the conversion of a definite number of cattle, and that said cattle were of a given average value, and that by such conversion the plaintiffs were damaged in a specified amount which is the product of the average value multiplied by the number of cattle for which ·amount judgment is asked, and makes no claim for interest, and where upon the trial it appears that only a portion of the cattle charged in the petition were taken and converted by the defendant, and that the cattle taken were of the average value charged, and there is no testimony tending to show that they were of a higher value, *held,* that the jury were not warranted in a verdict for an amount larger than the product of the average value multiplied by the number taken, even though said amount was reached by computing interest, and that a verdict for such larger amount was excessive.

### Error from Morris District Court.

TROVER, brought by *C. H. Pratt* and *D. A. Painter*, to recover for the taking and conversion of cattle. All the necessary facts are stated in the opinion. The plaintiffs had judgment, at the October Term 1874, for $3,998.81, and costs, and *Shepard* brings the case here on error.

*James Rogers,* and *McClure & Humphrey,* for plaintiff in error.

*Ruggles & Sterry,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: The defendants in error brought their action against plaintiff in error to recover the value of certain cattle claimed to belong to them, and to have been converted by him to his own use. That the cattle at one time belonged to them, and that Shepard did get possession of and convert them, are undisputed facts. It appears that they made an arrangement with one Joseph Wheat to take the cattle and winter them. While so in possession, Wheat transferred them to Shepard. Shepard claims that Wheat was a partner of theirs, with perfect legal right therefore to dispose of the cattle; or at the least, that they so acted and held him out to the world that he and others were justified in regarding him as a partner, and treating with him as such. Pratt and Painter claim that Wheat was simply employed to take care of and feed the cattle through the winter, was not a partner, and had no right of disposal. Three classes of questions are presented by counsel for plaintiff in error.

I. It is insisted that the court erred in ruling out portions of two depositions. In the deposition of R. A. Wheat the witness testified that he was present at a conversation between the plaintiffs and Joseph Wheat, and then the deposition reads: "From the conversation I learned that the said Pratt and Painter and Joseph Wheat had entered into a partnership," etc. This was stricken out, and properly so. It does not purport to be his recollection of the conversation, but his conclusions from it. The use of the word, "learned," might not of itself be decisive; but the further language shows that the witness is not trying to give the language of the various parties to that conversation, or the substance of it, but is simply giving the results, as he understood them. This is manifestly wrong. *City of Atchison v. King,* 9 Kas. 550;

*DaLee v. Blackburn,* 11 Kas. 190. Again, as to the deposition of John F. Gregory these are the facts: The witness had testified substantially that in April 1872, Joseph Wheat brought him an order signed Pratt & Painter, to the best of his recollection, which was written by and in the handwriting of D. A. Painter, one of defendants in error; and then follows the part objected to and ruled out, as follows:

" I have made strict and diligent search for said order, but cannot find the same; and as far as I can ascertain, it is lost. Said order was directed to me as agent for the firm of Gregory, Strader & Co., who were at that time engaged in the live-stock commission business, and said order was in substance as follows:" [ Here follows witness' description of the contents of the order, also stricken out.]

Here too we see no error. The witness has substituted his own opinion of the character of the search for those facts upon which alone the court can determine whether a sufficient search has been made. No one can tell from this statement *where* the witness searched; *when,* or *how long* he searched; *where* and *when* he last saw the order; or any other facts concerning its loss. No sufficient foundation was laid for secondary evidence of its contents. *Johnson v. Mathews,* 5 Kas. 118.

II. A second class of objections runs to the instructions. It is said that the court erred in refusing instructions Nos. 5, 6 and 7 asked by defendant, and in giving instruction No. 1 asked by plaintiffs. With reference to the instructions refused, it may be said, that inasmuch as the record does not purport to contain all the instructions this court cannot affirm error, because they may have been refused because already once given. *DaLee v. Blackburn,* 11 Kas. 190; *Ferguson v. Graves,* 12 Kas. 39. Again, as a matter of fact, said fifth and seventh instructions had already been given in substance, though not in the same language, and the court was under no duty to repeat them, or to clothe the same ideas in different language and then present them. By so doing, it is sometimes true, that the principles of law or their application to the case in hearing are made clearer to the jury; but as often, if not

oftener, such practice tends to confuse rather than instruct. At any rate, it is well settled that the court commits no error in refusing to present a principle of law to the jury a second time, or in different language. *Gillett v. Corum,* 7 Kas. 156; *Kansas Ins. Co. v. Berry,* 8 Kas. 159; *Abeles v. Cohen,* 8 Kas. 180. As to said 6th instruction, it is not true that an equal division of the profits always and under all circumstances constitute a partnership. While such may be one of the tests of a partnership, yet it is only one of several tests, and is sometimes overborne by other and controlling facts. In the case at bar, such an instruction given, without any qualifications or limitations, would have been apt to mislead. We think therefore that if this refusal was fully and properly before us we could not hold that there was error therein.

In reference to the instruction given at the instance of the plaintiffs: It assumes nothing as to the facts proved or disproved, but simply charges the jury in substance, that if from all the evidence they believe that the defendants in error were, in the fall of 1871, the owners of and in the possession of certain Texas cattle, and then made an arrangement with Joseph Wheat whereby he was to winter them, and that they should pay him for the fodder consumed and necessary help employed, and that upon the sale of the same they were to pay Wheat one-third of the increase in value over and above the price at which they were valued at the time of delivery to him, less the expenses of wintering, *as and for the purpose only of compensating Wheat* for taking charge and care of and wintering said cattle, and that said defendants in error did not hold out said Wheat to the world as a partner, nor by their negligence had permitted or allowed him to be so held out, and thereby plaintiff in error was misled to his prejudice, then and in said case Wheat would not be a partner in such cattle. That this states the law as it is now generally recognized, seems hardly to admit of doubt. See among others the following authorities: *Loomis v. Marshall,* 12 Conn. 69; *Denny v. Cabot,* 6 Met. (Mass.) 82; *Burchle v. Eckart,* 1 Denio, 357; same case, 3 N. Y. 132; *Lewis v. Gruder,* 51 N. Y. 231;

*Parker v. Fergus*, 43 Ill. 439; *Eastman v. Clark*, 53 N. H. 276.

III. The remaining objection is to the verdict. It is insisted that it is contrary to the evidence, and that if it can be sustained for the plaintiffs at all, that the damages are excessive. In reference to the first proposition, it is unnecessary to say more than that there is abundant testimony to support the verdict, and that though the preponderance may seem to be on the defendant's side, yet, after the jury and the district court have both passed upon the question of fact, it is, by well-settled rules, beyond the province of this court to interfere.

The other claim, that the damages are excessive, presents a question of some difficulty. The verdict was for $3,998.81. No witness values the cattle at over $35 per head, and no testimony shows over 99 cattle in defendant's possession, except perhaps a general statement of Joseph Wheat that Shepard "got something over 100 head." It would seem exceedingly probable that there were only 98 head taken by Shepard, and that $35 per head was in excess of their actual value. But still the jury were the triers of these questions, and they were at liberty to take the highest valuation and the largest number if such was their judgment upon the testimony. But the highest value and the largest number would only make a verdict of $3,500. The difference, say counsel for defendants in error, is the interest. To this counsel for plaintiff in error replies, that no interest is recoverable because none is claimed, and cites as authority, Gen. Stat. 647, (code, § 87;) *Graves v. Dunn*, 5 Kas. 254, 261. Unquestionably the excess over $3,500 was intended for interest, probably more than that. Was it recoverable? The section cited is the one describing what the petition must contain; and the third essential is, "a demand of the relief to which the party supposes himself entitled." Then follows this provision: "If the recovery of money be demanded, the amount thereof shall be stated; and if interest thereon be claimed, the time for which interest is to be computed shall

be also stated." And in the case cited, this court, where no interest was claimed in the petition, and the judgment included interest, modified the judgment by striking out the interest. That was an action upon a note, and establishes the proposition that where the demand is liquidated no interest is recoverable unless claimed in the petition. "But here," say counsel for defendants in error, "the demand is unliquidated; the amount is to be ascertained by the verdict. It is claimed as damages, while in the other class of cases it is claimed as debt. It is sufficient in a case like this, and where there is but a single cause of action, to allege generally a sum as damages without specifying the separate items or elements which enter in to make up the sum total of the damages, and then the only limitation is that the verdict shall not exceed the amount claimed, and that the jury in arriving at such verdict shall follow the established rules for determining the amount of damages. In actions of trover the measure of damages is the value of the property at the time of conversion, with interest to the date of the verdict. And the jury, in adding interest to the value only pursued the true measure of damages." There is doubtless truth in these claims, and we think these propositions upon the general subject may be laid down as correct:

1st. Wherever a demand is liquidated, no interest is recoverable unless claimed, and unless the time from which it is to be computed is stated in the petition.

2d. It is unnecessary in most actions where the demand is unliquidated, and sounds wholly in damages, and where there is but a single cause of action, to state specifically and in amounts the different elements or items which go to make up the sum total of the damages. It is enough to claim so much in gross, as damages for the wrongs done.

3d. In such a case, the only limitations upon the size of the verdict are, that it shall not exceed the gross amount claimed, and that the jury in arriving at it shall have had regard to the true measure of damages.

4th. In actions in the nature of trover for the conversion

of personal property, the measure of damages is ordinarily the value of the property at the time of the conversion, with interest to the date of the verdict.

But these propositions, though decisive in most cases, do not meet the entire difficulty in this. The petition does not allege generally that the plaintiffs have been damaged so much by the wrongs of the defendant, but enters into some specifications. It alleges that the plaintiffs were the owners of 225 head of cattle; that they were and are of the value of $7,875; that they cannot state the precise value of each animal, but that they were and are of the average value of $35 per head; that the defendant took possession of said cattle and converted them to his own use, to their damage $7,875, for which sum they claim judgment. This is all that bears upon the question. Here the plaintiffs have specified the items of damage. Are they not limited to their specification? Suppose for instance the testimony had shown a conversion by defendant of the 225 head and average value equal to the amount stated, $35, could the jury, under the petition, have added interest? None is claimed. The damages stated, $7,875, are the product of the value per head, $35, multiplied by the number converted, 225. By what right could the jury add more? So, when the testimony shows that only 100 head have been converted, and that they were of the value of $35 per head, are not the jury limited to the value stated per head, multiplied by the number proved to have been converted? If the plaintiffs had made the allegations less definite, or had added a claim for interest, no question could be raised upon the verdict. If the allegation had been, for instance, that defendant had converted a large number of cattle, without specifying any number, to the plaintiffs' damage, etc.; or, if it had alleged the conversion of 225 head, to the damage, etc., without specifying any value per head; or, if it had alleged both number and average value, and the testimony had shown the value of the 100 above the alleged average value; or, if it had alleged both number and value, and claimed interest, then we think the verdict must

have been upheld.   But where the number and average value are both stated, and no testimony shows the value of those proved to have been taken above this average value, and no claim for interest is made, then we think a verdict in excess of the value multiplied by the number taken, cannot be sustained.   In many cases it might be proper to permit an amendment by inserting a claim for interest; but an examination of the testimony does not lead us to consider this a case where the interests of justice require an amendment.   If the plaintiffs below elect to remit such portion of the judgment as is plainly for interest, it may stand; otherwise a new trial must be ordered.

The case will therefore be remanded, with instructions that if within sixty days after filing of the mandate in the court below the plaintiffs remit $498, thus reducing the judgment to $3,500, the judgment will be affirmed, otherwise it will be reversed and a new trial ordered.   The costs of this court will be divided.

All the Justices concurring.