## THE EAGLE MANUFACTURING COMPANY V. OBADIAH JENNINGS.

1. RETIRING PARTNER — *Liability.* Where, after a partnership has purchased goods and given its acceptance therefor, it is dissolved, one partner taking all the property and assuming all the indebtedness, the retiring partner is still liable on the acceptance to the vendor and payee.

2. PROMISE, *When a Mere Nudum Pactum.* A promise by such vendor and payee to release the retiring partner from further liability and to look to the other partner alone for payment, must, in order to be binding, be founded on some new consideration; and where it was made after the dissolution, and not as an inducement to or consideration of it, and no new partner is introduced into the firm or assumes liability for the debt, and no different or additional security therefor is given, and the acceptance is not taken up and new paper given, and no change is made in the form, terms or time of the debt, and no other fact appears than the dissolution and the agreement between the partners, the promise is a mere *nudum pactum,* and an action can be maintained against the retiring partner on such acceptance.

3. ———— Testimony; whether oral or in deposition, should give the facts, and not the mere conclusions or understanding of the witness.

### *Error from Harper District Court.*

AT the February Term, 1882, of the district court, defendant *Jennings* had judgment against the plaintiff *Company*, which brings the case to this court. The nature of the action, and the facts, appear in the opinion.

*E. Hill,* and *Sluss & Hatton,* for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: Plaintiff in error, plaintiff below, brought its action against the defendant on an acceptance signed by the firm of Jennings & Whitney. The defendant claimed a release from liability thereon. The case was tried by the court without a jury, and judgment entered in favor of the defendant. Plaintiff alleges error, and the single question presented s, whether the testimony was sufficient to justify a finding of

42— KA s.

a release from liability. The facts are: In 1876 defendant and one N. C. Whitney were partners, doing business at Streator, Illinois. As such partners they purchased of the plaintiff certain agricultural implements, and for their price gave this acceptance in the name of the firm. That these implements were purchased by the firm, and that this acceptance was given by the firm and in the first instance binding upon this defendant as well as upon his partner, is conceded. In 1877, the firm dissolved, Whitney taking all the property and assuming all the liabilities. The acceptance has never been paid. Defendant claims that upon the dissolution the plaintiff agreed to take Whitney for the debt, and release him. All the officers of the plaintiff were witnesses, and testified that they never released defendant or accepted Whitney alone for the debt, and that they never authorized anyone to enter into such an agreement for the plaintiff. The defendant on his direct examination testified as follows:

"I had an understanding with Whitney that he was to take the notes, goods, etc., of the firm of Jennings & Whitney, and pay the debts of the firm, including this draft, and I think an agent of the company was present at the conversation. If such agent was not present at the time Whitney and I had the understanding, he was present when it was stated to him afterward, and made no objection."

On cross-examination he said:

"I do not say, in the strict sense of the word, that I have been released from the payment of the draft by the Eagle manufacturing company, yet I think the company was knowing that there was an understanding between Whitney and myself, that he (Whitney) was to take care of that claim and pay it. To my knowledge, the plaintiff never released me and accepted Whitney for the same, except as stated in my direct examination. I do not think that any member or agent of said plaintiff ever released me from liability on the same, except as I have stated in my direct examination. The conversation above referred to was the only conversation I ever had in regard to release from said draft. I have never paid the draft sued on in this action. In the conversation above referred to, in the presence of the agent or plaintiff, the substance of it was in speaking of the indebtedness of the firm

pertaining to the arrangement of Whitney and myself. I simply explained to him what the arrangements were between Whitney and me; this was the only conversation I ever had on the subject of release, and this was all of said conversation."

Further than that, when the acceptance was presented to him in this state for payment, he made no claim of a release from liability, but simply said that he was unable to pay and that Whitney ought to have paid it. It is not pretended that at the time of the dissolution a new partner took defendant's place and such new firm assumed the debt, or that any additional security was given by Whitney, or that the original acceptance was taken up and new paper given, or that the plaintiff received any consideration whatever.

If this were all that there was in the case, there would not be room for the slightest doubt. The only question arises from the following matters: Defendant filed an affidavit for a continuance, for the purpose of obtaining the testimony of Whitney. Such affidavit stated as follows:

"Said defendant verily believes that said Whitney will testify that said Jennings was released from said acceptance mentioned in plaintiff's petition, and that the plaintiff was to look to and hold said Whitney as the only person liable thereon; that there was an understanding between this affiant and said Whitney by and with the consent of said manufacturing company, plaintiff, that said Whitney was to pay said acceptance, said Jennings, this affiant, to be released therefrom."

Plaintiff consented that this should be received as the deposition of said Whitney; the continuance was overruled, and the case went to trial. Is there enough in this, taken in connection with the other testimony, to sustain the judgment? We are constrained to think not. In the first place, much of it is a mere statement of the conclusions of the witness, rather than of the facts which he saw and heard, and as such is objectionable testimony. (*Shepard v. Pratt,* 16 Kas. 209.) Again, it fails to show any consideration for the alleged release. Still again, a legitimate inference is, that it refers to the same conversation and pretended release

referred to by the defendant in his testimony. And still further, the answer which was filed contains no direct allegation of a release of defendant. All that it says in respect thereto is in these words:

"That this plaintiff had due notice of said dissolution and the assumption of all liabilities of said N. C. Whitney, and that they accepted him for the payment of said bill of exchange."

We think, therefore, putting all these things together, that the judgment of the district court ought not to be sustained. The partnership purchased plaintiff's goods; it gave this acceptance; the acceptance was clearly binding upon the defendant; the dissolution of the partnership, the taking of all the partnership property, and the assumption of all partnership liabilities by Whitney, in no manner released defendant. The alleged promise of plaintiff was made after the dissolution, and not as an inducement to or consideration of it. The acceptance has never been paid. Upon the dissolution no new partner took defendant's place and furnished his responsibility as security to the plaintiff. No additional security of any kind was furnished; the acceptance was not destroyed and new paper given. The plaintiff received absolutely no consideration, and even if it did promise (which is positively denied) that it would look to Whitney, such promise was entirely without consideration, and in no manner discharged the defendant. The defendant in his verified answer does not explicitly assert that he was ever released, and his testimony plainly shows that he was not.

We think, therefore, that the judgment of the district court ought not to be sustained; that it must be reversed, and the case remanded for a new trial; and it is so ordered.

All the Justices concurring.