SAMUEL W. WEBBER v. WILLIAM ALDERMAN, IMPLEADED
WITH GEORGE W. FRENCH.

*Bills and notes—Release of surety—Partnership.*

The individual promise of one member of a banking firm to
release an accommodation indorser from liability on a note
held by the firm, and to pay the note from means in his
hands belonging to the maker of the note, cannot be construed
as the promise of the firm, and will not exonerate the
indorser from liability on the note.

Error to Ionia. (Smith, J.) Argued November 1, 1894.
Decided December 7, 1894.

*Assumpsit.* Defendant Alderman brings error. Affirmed.
The facts are stated in the opinion.

*R. A. Hawley,* for appellant.

*Ellis & Miller,* for plaintiff.

LONG, J.· This is an action of *assumpsit* on a promis-
sory note for $150, given by defendant French to Webber,
Just & Co., and indorsed by defendant Alderman for ac-
commodation. Plaintiff got the note by indorsement after
maturity. Defendant Alderman, it is conceded, received
none of the proceeds of the note. Webber, Just & Co.
were a copartnership doing a banking business, the firm
being composed of Samuel W. Webber, Josiah E. Just,
Charles W. French, and a Mr. Fox. After the note ma-
tured, defendant Alderman called upon Charles W. French,
who was a son of George W. French, the maker of the
note,· at the bank, and claims that it was there arranged
between them that he should be released from the note.
He was asked to give the conversation that took place at
that time, and said:

"I stepped into the bank, and said to Charles French, in regard to his father's note that I was on,—the one that was about due; spoke to him about it,—and he says: 'You needn't pay any further attention to that note. Father has put means in my hands so I can take care of that note. I will release you entirely from the note, and see to it.' I relied upon that, that his father had put means in his hands by which he could take care of the note, and he would pay the note. I said nothing about paying the note after that."

He was asked:

"You understood that the means were in Charles French's hands, and not in the hands of the firm?

"*A.* Yes, sir; Charles French's hands."

It was also claimed by defendant Alderman that at that time the maker had property in his hands sufficient to pay the note, but had since become insolvent. Under this evidence the court below directed a verdict in favor of plaintiff against defendant for the amount of the note and interest. Judgment was entered upon the verdict, and defendant Alderman brings error.

Counsel for defendant seeks to invoke the rule that where the creditor promises to exonerate the surety, or to look solely to the principal for payment, and the surety is induced by such promise to postpone or relinquish any of the means of indemnity to which he might otherwise have resorted, it will take effect as an equitable estoppel, and deprive the promisor of the power of retraction. This is a correct statement of the principle. In *Harris v. Brooks,* 21 Pick. 195, 197, it was said:

"A parol declaration of the holder to the surety that he would exonerate him, and look to the principal only, is a good defense, on the ground that it lulls the party into security, and prevents him from obtaining his indemnity; and it would be fraud on the part of the holder afterwards, contrary to such assurance, to call upon such surety."

The same rule was laid down in *Rowley v. Jewett*, 56 Iowa, 492.

But there is no showing in the present case that the holders of the note, Webber, Just & Co., ever made any such promise. It was the individual promise of Charles W. French, and from the testimony of Mr. Alderman he looked to Charles W. French personally to pay and take care of the note. Charles W. French was not pretending to make the promise in behalf of the owners of the note, and it is evident that Alderman did not so regard it, for he was expressly asked if he understood that the means to pay the note were in Charles French's hands, and not in the hands of the firm, and responded, "Yes, sir; Charles French's hands." The promise he relied upon, then, was the individual promise of Charles W. French that he had means in his hands to pay the note, and would pay it, and release him (Alderman) upon it. The case is too plain for argument that this promise cannot be construed as the promise of Webber, Just & Co. to release Mr. Alderman, and the court below very properly directed the verdict for plaintiff.

The judgment is affirmed.

The other Justices concurred.