## MOTLEY v. WICKOFF.

1. PARTNERSHIP—DISSOLUTION—FIRM DEBTS—RELEASE—CONSIDER-
ATION.

An agreement between copartners upon the dissolution of the
firm, whereby one partner assumes all of the firm debts, will
not, of itself, support the subsequent promise of a creditor
to release the other partner from liability.

2. SAME.

The promise of one partner to pay a debt of the firm, if made
to the creditor himself, may afford a sufficient consideration
for the release of his copartner.

3. SAME—PRIVITY.

The mere statement by a partner, after dissolution of the
firm, to one of the partnership creditors, that he has agreed
with his copartner to pay the firm's indebtedness, and the
creditor's reply of "all right; pay as fast as you can," does
not establish a privity between them as to the obligation
of the former to pay the debt individually.

Error to Ionia; Davis, J. Submitted May 11, 1897.
Decided May 28, 1897.

*Assumpsit* by Ara E. Motley against James Wickoff,
retiring partner of the firm of Gill & Wickoff, to recover
the amount of a copartnership debt. From a judgment
for plaintiff, defendant brings error. Affirmed.

*W. H. Howard* (*McGarry & Nichols*, of counsel), for
appellant.

*Wesley H. Mains*, for appellee.

MONTGOMERY, J. This case was determined by the cir-
cuit court upon an agreed state of facts. The defendant
and one Gill, as copartners, became indebted to the plain-
tiff in the sum of about $140. In April, 1891, Wickoff
retired from the firm of Gill & Wickoff, and Gill, in con-

sideration of the partnership property all being turned over to him, assumed the payment of all the partnership debts.   After the dissolution of the firm, and before this action was brought, the amount had been reduced from $140 to $116, by payments to plaintiff made by Gill.   It further appears that Gill, shortly after the dissolution, stated to plaintiff that he had assumed, and agreed with Wickoff to pay, all the partnership indebtedness, and that to said statement plaintiff replied, "All right; pay as fast as you can;" that, some time after the dissolution, defendant saw the plaintiff, and stated to him that, according to the terms of the dissolution between himself and Gill, Gill was to pay the sum due and owing to the plaintiff, and asked plaintiff if he would release him (defendant) from the indebtedness, to which plaintiff replied that he would.   Upon this state of facts, the case was submitted to the court, upon a stipulation that the plaintiff was entitled to recover if the court should find that the defendant had not been released from the indebtedness. The court found, as matter of law, that there was no consideration for the promise of the plaintiff to defendant to release him from his liability on the partnership indebtedness, and entered judgment for the amount claimed, with costs.

Defendant suggests, rather than urges, that the case is one where the rule adverted to in *Webber* v. *Alderman*, 102 Mich. 638, namely, that where the surety is induced to forego or relinquish means of indemnity to which he might otherwise have resorted, by the promise of the creditor to exonerate the surety, this may work an equitable estoppel to deprive the promisor of the power to retract, is applicable.   But there are no facts found in this case which make this rule at all pertinent.   There is no finding that the responsibility of Gill has in any way been changed, or that defendant has changed his position in the matter because of any assurances given by plaintiff.

The case must turn upon the question of whether there was a consideration to support the promise to look to Gill

alone.   The authorities are not agreed upon the question
of whether the agreement of one joint debtor or copartner
to pay the debt upon which the two are liable is a suffi-
cient consideration to support a release of his co-debtor.
The modern English doctrine appears to be that such an
undertaking is a sufficient consideration, on the ground
that the sole liability of one of two debtors may, under
many circumstances, be more beneficial and convenient
than the joint liability of two, and that whether it was
actually a benefit in each particular case will not be in-
quired into, but that the changed relation will be held to
be a sufficient consideration.   See *Thompson* v. *Percival*,
5 Barn. & Adol. 925, and *Lyth* v. *Ault*, 7 Welsb., H. &
G. 669.   This doctrine has also found support in this
country, to the extent stated in *Collyer* v. *Moulton*, 9 R.
I. 90 (98 Am. Dec. 370), in which it was said:

"If, by a mutual arrangement between the plaintiff
Collyer and the two defendants, Moulton had been re-
leased from his liability for the work already done, and a
new promise made by Bromley, the other defendant, to
pay for it, this would have been a valid release for a val-
uable consideration; one debt would have been substituted
for the other."

See, also, *Bantz* v. *Basnett*, 12 W. Va. 772; *Bowyer*
v. *Knapp*, 15 W. Va. 277; *Waydell* v. *Luer*, 3 Denio,
410.   *Contra*, *Early* v. *Burt*, 68 Iowa, 716: *Wild* v.
*Dean*, 3 Allen, 579.

In the case of *Johnson* v. *Emerick*, 70 Mich. 215, Mr.
Justice CHAMPLIN, speaking for the court, said:

"Such discharge from liability is based upon the express
or implied assent of the creditor, upon a sufficient con-
sideration; and a creditor, knowing of such relation, who
goes on and deals with the other partners with reference
to the debt, may well be held to have assented to the ar-
rangement, and to have accepted the responsibility and
promise of the partner assuming such debt.   This con-
sideration need not be a money consideration.   It may be
the obtaining of an additional security, better terms of
payment, negotiable securities which the creditor may use
in his business, or any other benefit, or it may be a loss

of some right or disadvantage suffered by the surety through the act of the creditor."

In the present case it will be noted that the transfer of the firm property by defendant to Gill was not induced by any promise of plaintiff, but had occurred before any promise of release was made; nor does it appear, as before stated, that the defendant lost any rights; nor was any security taken or accepted by the plaintiff; nor does it appear that the time for the payment of the debt was extended.

Plaintiff relies upon *Walstrom* v. *Hopkins*, 103 Pa. St. 118, and *Eagle Manfg. Co.* v. *Jennings*, 29 Kan. 657 (44 Am. Rep. 668). In the latter case it was claimed that the plaintiff had due notice of the dissolution of the firm, and the assumption of the liabilities by Whitney, and that it accepted him for the payment of the bill of exchange. The court said:

" The dissolution of the partnership, the taking of all the partnership property, and the assumption of all partnership liabilities by Whitney, in no manner released defendant. The alleged promise of plaintiff was made after the dissolution, and not as an inducement to or consideration of it. The acceptance has never been paid. * * * No additional security of any kind was furnished. The acceptance was not destroyed and new paper given. The plaintiff received absolutely no consideration, and, even if it did promise that it would look to Whitney, such promise was entirely without consideration, and in no manner discharged the defendant."

In *Walstrom* v. *Hopkins* it was held that a promise by a creditor of a firm to release a partner who has retired from the firm, and to look to the continuing partner only for the payment of his debt, unless founded upon a legal consideration, is *nudum pactum*, and cannot be enforced.

The weight of authority favors the contention that the promise of the continuing partner may be a sufficient consideration to support the release of the outgoing partner. But, in the absence of such concurring or binding promise, we think no well-considered case can be found,

holding that the mere agreement between the partners will of itself support the agreement of the creditor to release the outgoing partner. Such an agreement does not establish a privity between the continuing partner and the creditor, entitling him to sue such partner individually. It is only a private executory contract, intended to regulate the rights, duties, and obligations of the co-partners between themselves, consequent upon a dissolution of the firm. *Wild* v. *Dean*, 3 Allen, 579. In the present case there was not only no extension of time, no acceptance of the paper of the individual partner, but the stipulation does not show an express agreement made to plaintiff by Gill to pay the debt. The finding is that Gill stated to plaintiff that he had agreed with Wickoff to pay all partnership indebtedness, and that to this the plaintiff replied, "All right; pay as fast as you can." It will be noted that this was not simultaneous with the release of Wickoff, nor did it in terms establish a privity between Gill and plaintiff as to the obligation of Gill to pay the debt individually.

We think the judgment should be affirmed.

The other Justices concurred.