FRED. W. WOLF CO. v. SHERIFF STREET MARKET & STORAGE CO.

1. PETITION IN ACTION FOR BREACH OF WARRANTY.

In an action for damages for breach of guaranty in a contract of sale, it is not sufficient to allege that the article sold and guaranteed was broken or refused to act, without plaintiff's fault, but it must also be alleged that such occurred through the fault of defendants or of defects in manufacture.

2. SAME—ALLEGATION OF DAMAGES.

In such action the different items of damage need not be alleged, but may be lumped and pleaded in gross.

3. ACCEPTANCE OF ARTICLE NOT WAIVER OF DEFECTS.

The test and acceptance of an ice plant by the purchaser is not a waiver of defects therein, when the contract of sale guaranteed, in case of its acceptance, that it would accomplish the results specified therein for one year.

4. RESERVING SPECIAL EXCEPTION TO CHARGE.

Where a charge correctly states the general rule of damages applicable to the case, if any particular part is objectionable, a special exception should be reserved. Sec. 5298, Rev. Stat.

HEARD ON ERROR.

*Louis J. Dolle*, for plaintiff in error.

*Peck, Shaffer & Peck*, contra.

GIFFEN. J.

The defendant in error commenced an action against plaintiff in error upon a contract of sale of an ice making plant and a guaranty of its proper operation for a period of one year from its acceptance after trial of sixty days. It avers a breach of the guaranty, in that the pipes, on two occasions, were broken, and the use of the plant lost whereby damages resulted.

This averment is in substance as follows: "On or about the 27th day of October, 1894, one of the pipes in said tank became fractured and broken, whereby without fault on the part of the plaintiff, the charge of ammonia contained in such pipe escaped, and was lost, and the plaintiff lost the use of such plant for a period of three days, and that thereafter and some time during the month of January, 1895, said plant became broken, and the use thereof was again, without its fault, lost to it for about three days."

The defendant filed a motion to require the plaintiff to make its petition more definite and certain, and afterwards a general demurrer, both of which raised the question of the sufficiency of the petition and particularly the above allegation. Each and both were overruled, and we think erroneously.

While there is a manifest attempt to aver that the pipe, on October 27, and the tank, in January, were *broken without fault* of the plaintiff, the allegation will not bear that construction; and even if it would, the same would be insufficient. The defendant guaranteed the proper operation of the plant; but not against any and all acts not occasioned by the plaintiff. One of the breaks in the plant occurred during the night. It may have been caused through the violent and malicious act of an entire stranger. Certainly in that case there could be no liabiliity on the defendant. The plaintiff was required to aver a breach of the contract before he was entitled to recover.

The break in the pipe or plant is alleged as such breach, and it was incumbent on defendant to further allege facts showing that the same was occasioned by the fault of the defendant in the construction of the plant or otherwise. The objection that the petition did not separately state the amount of each item of loss and expense, is not well taken, as there is but one cause of action or claim for damages.

The principle is well stated in Shepherd v. Pratt, 16 Kas., 215, cited in brief of counsel for defendant in error as follows:

"It is unnecessary in most actions where the demand is unliquidated and sounds wholly in damages, and where there is but a single cause of action, to state specifically, and in amounts, the different elements or items which go to make up the sum total of the damages, it is enough to claim so much in gross for the wrong done."

The test of the plant and its acceptance after a trial of sixty days was not a waiver of the guaranty, because the contract provided that "In case of acceptance, however, we guarantee the proper operation of the plant and its accomplishing the results specified for the term of one year." The general rule of damages applicable to this case is correctly stated by the court in its charge to the jury, and if any particular part was objectionable a special exception should have been reserved. In this case there was a general exception only to the entire charge, and the case was pending at the time Sec. 5298, Rev. Stat., was so amended as to permit a general exception. We find no other errors.

The judgment will be reversed, for the reasons stated, and the cause remanded.