ADAM HABIG v. CHARLES B. PARKER.

FILED MARCH 8, 1906.   No. 13,969.

1. **Pleading: CAUSE OF ACTION.** A petition setting up numerous and continued tresspasses to personal property states but one cause of action, and is not subject to a motion to divide and number.

2. ——: **DAMAGES.** It is unnecessary in most actions where the demand is unliquidated and sounds wholly in damages, and where there is but a single cause of action, to state specifically and in amounts the different elements or items which go to make up the sum total of the damages. It is enough generally to claim so much in gross as damages for the wrongs done. In case, however, the pleader elects to claim a named sum for any one or more of the items of claimed damages, he is restricted in his recovery on these items to the amount named in his petition, and the court should so charge.

3. **Instruction: HARMLESS ERROR.** It is not reversible error to charge that the measure of damages for injury to or destruction of bearing fruit trees is the market value of such trees, where the party complaining tendered and procured the court to give an instruction stating the same rule of damages.

ERROR to the district court for Nemaha county: ALBERT H. BABCOCK, JUDGE. *Affirmed.*

*Neal & Quackenbush,* for plaintiff in error.

*Edgar Ferneau, contra.*

DUFFIE, C.

Parker sued Habig for trespass alleged to have been committed by Habig's stock upon his cultivated lands. The allegations of the petition covered a period of three years, charging repeated acts of trespass during all of that time, and the paragraph of the petition relating to the damage claimed is in the following words: "That the hogs of said

defendant, which he so permitted to run at large and over and upon the cultivated lands of this plaintiff during the year 1900, the exact dates in said year the plaintiff is unable to give, ate up, run over and destroyed corn and corn fodder of this plaintiff to the value of $7.20; that during the year 1901, the exact dates the plaintiff is unable to give, the said hogs of the defendant ate up, and run over and destroyed corn and corn fodder of this plaintiff to the value of $7.20; that during the year 1902, the exact dates in said year this plaintiff is unable to give, the said hogs of defendant ate up, run over, damaged and destroyed corn and corn fodder, apples and pasture and damaged the apple trees of this plaintiff to the amount of $135. That the plaintiff has, therefore, been damaged by the stock of the said defendant, and which said defendant permitted to run at large over and upon the cultivated lands of this plaintiff at the times hereinbefore stated, in the total sum of $149.70; that no part of said amount has been paid by the defendant to this plaintiff." Habig moved for a more specific statement in the petition, the motion being as follows: "Comes now the above named defendant, and moves the court to require the plaintiff herein to separately state and number the causes of his action set forth in his petition, and further to make his petition more definite and certain by, first, setting out the amount, quantity and kind of the personal property damaged or destroyed for the year 1900, and the amount of damages to each kind of property; second, that he segregate the injuries and damages to real and personal property in the year 1902, and that he set forth the amount, quantity and kind of personal property injured or damaged during said year, and the amount of damages to pasture and apple trees, and set forth the nature and the amount of damages to each." This motion was overruled by the court and error is alleged thereon.

We think that reversible error cannot be predicated on this ruling of the court, as, in our opinion, the petition contained but one cause of action. The petition charges

numerous and repeated acts of trespass, and, in effect, a continuing trespass. The general rule applicable to a complaint in an action of trespass is stated in 21 Ency. Pl. & Pr. p. 812, as follows: "Where a trespass has been continued without intermission for a longer time than the space of one day or has been repeated on a subsequent day, the party injured may recover in one action for the first act of trespass and in another for the continuance or repetition thereof; but he is not under the necessity of bringing two actions in either case, because he may in one action, by declaring with a *continuendo*, recover for the first trespass and also for the continuance or repetition thereof." And this rule is by the authorities as applicable to actions for trespass to personal property as upon real estate. *Folger v. Fields*, 12 Cush. (Mass.) 93. There was no error in overruling the defendant's motion so far as it asked that the plaintiff be required to separately state and number his causes of action.

Relating to the other assignments of the motion, the law is well settled that it is unnecessary in most actions where the demand is unliquidated and sounds wholly in damages, and where there is but a single cause of action, to state specifically and in separate paragraphs the different elements or items which go to make up the sum total of damages. It is enough to claim so much in gross as damages for the wrong done. *Shepherd v. Pratt*, 16 Kan. 209; 2 Sutherland, Damages (3d ed.), sec. 424. While it is usual, and perhaps the better practice, to grant a motion requiring the plaintiff to itemize the damages claimed for injury to different articles of personal property, there was no reversible error in denying the motion in this case, especially as the case had been first tried in the county court, and defendant was fully informed upon that trial of the plaintiff's claim. The evidence offered by the plaintiff tended to show that the defendant's hogs, to the number of about 30 or 40, trespassed upon plaintiff's cultivated lands on numerous occasions during the years 1900, 1901 and 1902; that they ate and destroyed certain corn

and corn fodder, quite a quantity of apples, and, as a result of the trespass, five of his apple trees died and other of the trees were injured. Evidence was offered to show the value of the five dead trees, but no evidence was offered as to the value of the other trees prior to the injury and their value after the injury occurred.

The court instructed the jury, at the request of plaintiff, "that the measure of the plaintiff's damages is the reasonable market value of the property destroyed at the time the same was destroyed by the defendant's stock running at large." It is urged that this instruction is erroneous and prejudicial. It is disclosed, however, by the record that in instruction No. 2, given by the court at the defendant's request, the same measure of damage was applied, the language being: "The measure of the plaintiff's damages and his recovery therefor, in this case the property destroyed, would be the fair and reasonable market value of such property at the time, and located at the place, in the same condition that said property was in at the time it was destroyed." It will be observed at once by a comparison of the two instructions that both parties had the same theory as to the measure of damages, and that the court adopted the theory of the parties themselves. The rule is well established in this state that where parties have tried a case upon a certain theory, and procured the trial court to adopt that theory, they cannot be permitted to change their position in the appellate court on error.

The questions already discussed are the principal and most important ones presented. There are 53 assignments of error in the petition. The case, however, is not of sufficient importance to justify extending this opinion by separate mention of each. We have examined the record with care, and conclude that the case was fairly tried upon the theory adopted by the parties, and find no prejudicial error.

It is recommended, therefore, that the judgment of the district court be affirmed.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion, the judgment of the district court is

AFFIRMED.