## The inhabitants of the town of NEWTOWN *against* The inhab-itants of the town of STRATFORD.

A settlement communicated by parentage, supersedes a settlement by birth.

The marriage of a woman having a settlement in this state, to a man having none, does not extinguish her settlement, or suspend its operation, in such a sense, as to prevent the transmission of it to their child.

Therefore, where the father of a pauper was a foreigner, who never gained a settlement in this country, and the mother was a settled inhabitant of the town of *Newtown* in this state, at the time of the intermarriage ; the pau-per was born in *Stratford ;* and soon afterwards, the father absconded ; it was held, that the mother's settlement in *Newtown* was communicated to the pauper, at the time of his birth, who, of course, became settled in *New-town*, by parentage.

THIS was an action of *assumpsit*, to recover the sum of 200 dollars, expended, by the town of *Newtown*, for the sup-port of *James R. Murray*, a pauper.

*John James Murray* was a native of the kingdom of *Great-Britain ;* and never gained any settlement in this country. In the year 1811, he married *Hersey Sherman*, then a legal inhabitant of the town of *Newtown ;* and immediately remov-ed, with his wife, to the town of *Stratford*, hired a house there, and lived in it, until after the birth of their son, *James R. Murray*, in 1814. *John James Murray* then absconded, and left his wife and son residing in *Stratford*. She immediately afterwards returned to *Newtown*, where she lived, with her son, until 1816 ; when she died, leaving him destitute, and unable to provide for himself. The town of *Newtown* ex-pended for his support the sum demanded in the declaration ; of which due notice was given to the town of *Stratford*. Both

*Fairfield,*
*June,*
1821.

Newtown
*v.*
Stratford.

the parents of the pauper were poor, and unable to support him ; nor had he any relations, who were by law liable for his support. The only question in the case, was, whether he had a legal settlement in the town of *Stratford ;* which was reserved for the advice of all the Judges.

*N. Smith* and *T. Shepard,* for the plaintiffs.

*Sherman* and *Backus,* for the defendants.

HOSMER, Ch. J.    The question in this case, is, whether the pauper has his settlement in *Stratford.*    On the part of *New-town,* it is insisted, that he was settled in *Stratford,* by *birth ;* while *Stratford* contends, that he has a settlement with his mother in *Newtown,* by *parentage.*

The statute makes provision only in relation to a settlement, resulting from property, the act of the town, or the act of the pauper.    Hence, for the determination of the question before us, recurrence must be had to the common law.

The first mode of acquiring a settlement, is, by *birth ;* for, wherever a child is first known to be, *that* is always, *prima facie,* the place of his settlement, until some other can be shewn. 1 *Bla. Comm.* 362.    3 *Burn's Just.* 312.

As to legitimate children, although the place of their birth be, *prima facie,* their settlement ; yet it is not conclusively so : for there are settlements *by parentage,* being the settlement of one's father or mother ; the place of birth only being the place of settlement, when that of a person's father or mother is unknown.    1 *Bla. Comm.* 363.    *Foley's Poor Laws* 269.    3 *Burn's Just.* 313.

The first enquiry is, for the place of the father's settlement, which, by operation of law, is the settlement of the child ; (3 *Burn's Just.* 3 ׀4.) but if the father have no settlement, then that of the mother is communicated ; (3 *Burn's Just.* 321.) and this is a rule of law undisputed, and established, by repeated adjudications.

This case turns entirely upon the legal effect of the mother's marriage ; which, the plaintiffs insist, so *suspended* th operation of her settlement in *Newtown,* as to prevent the transmission of it to her son.    Hence, it becomes necessary to enquire, what the legal operation of marriage, is, on the settlement of a *feme-covert.*

*Fairfield,*
*June,*
*1821.*

*Newtown*
*v.*
*Stratford.*

In *Rex* v. *Inhabitants of Norton*, 1 *Burr. Sett. Ca.* 122. it was adjudged, that the settlement of a married woman is *suspended*, during coverture, though it does not absolutely cease ; and, of consequence, that she is not removable to her former settlement, during the intermarriage. The reason assigned, is, " because the contrary determination would give the justices a power of divorce." The contrary of this has been established, by a current of determinations, five of which existed at the time of the adjudication in *Rex* v. *Norton*, but were not adverted to. *Regina* v. *Willsborough Green*, *Uphottery* v. *Dunkswell*, *St. Giles* v. *St. Margaret's*, *Rex* v. *Chidingstone*, and *Hanway* v. *Marston*, cited 1 *Burr. Sett. Ca.* 371, 2. See also *Foley's Poor Laws* 251, 2., 3 *Burn's Just.* 321, 2.

Since the determination of the case of *Rex* v. *Norton*, that of *Rex* v. *St. Botolph's*, 1 *Burr. Sett. Ca.* 367. 373. was decided, in which this principle is stated ; " that the mother's maiden settlement remains, having never been determined, but only, as it were, suspended, during the time that she continued under the power and protection of the husband, and was maintained and supported by him." This I am of opinion is the correct principle, and is recognized in the *Commentaries* of Sir *William Blackstone*. " A woman" says that learned and elegant commentator, " marrying a man, that is settled in another parish, changes her own settlement ; the law not permitting the separation of husband and wife. But if the man has no settlement, her's is suspended during his life, if he remains in *England*, and is able to maintain her ; but, in his absence, or after his death, or during, perhaps, his inability, she may be removed to her old settlement." *Vol. 1. p.* 363. The term " *suspension*" is very inadequate to convey the idea of Sir *William Blackstone ;* as a settlement always exists, until it is superseded by another. It was truly said, in *Rex* v. *St. Botolph's*, 1 *Burr. Sett. Ca.* 370. that the former settlement of a married woman " could not cease, but would continue during life, or till a new one should be gained : there is no case where a settlement ceases, by any other method." Until this new acquisition, there is neither a temporary cessation or interruption of the right, nor even of the enjoyment of it, if the necessities of the *feme-covert* imperiously require it. The separation of husband and wife, on this principle, will always be voluntary, or arising from the coercion of his utter inability to support her.

The settlement of *Hersey Sherman* was neither extinguished, nor suspended, by her marriage ; but communicated itself to her son, at the time of his birth ; and, as no subsequent settlement has been acquired, by either parent, or by the son, he is an inhabitant of *Newtown.* The point was decided in *Hebron* v. *Colchester, 5 Day* 169.

Judgment must, accordingly, be entered for the defendants.

The other Judges were of the same opinion.

Judgment to be entered for the defendants.