*Windham,*
July,
1821.

Sterling
*v.*
Plainfield.

The inhabitants of the town of STERLING *against* the inhabitants of the town of PLAINFIELD :

IN ERROR.

An infant cannot acquire a settlement by commorancy.

The settlement of a father, in this state, is communicated to his children, by parentage.

The place of a person's birth will be taken to be his place of settlement, until it be shewn, that he has a settlement elsewhere.

To supersede a settlement by birth, in this state, by a derivative settlement in another state, it must be shewn, as a matter of fact, that such derivative settlement is recognized by the laws of the latter state.

This was an action of *assumpsit,* brought by the town of *Plainfield,* for the support of the wife and two children of *Sylvester Stacy,* who were alleged to be paupers, and settled inhabitants of the town of *Sterling.*

In 1763, *Sybil Boon,* an inhabitant of *Upton,* in the state of *Massachusetts,* had there a bastard son, named *Stephen Stacey.* In 1789, he came to reside in that part of the town of *Voluntown* in this state, which is now included in the town of *Sterling.* In 1790, he married an inhabitant of the same place, by whom he had a legitimate son, there born, named *Sylvester Stacey.* Shortly afterwards, his wife died ; and he married a second wife, an inhabitant of *Voluntown,* with whom he moved into *Plainfield,* and lived there one year. He then moved into *Lisbon,* and lived there from one to five years ; during which time he bound his son, *Sylvester,* an apprentice, until he should arrive to twenty-one years of age, to an inhabitant of that town ; after which he moved into the state of *New-York,* and died. *Sylvester* lived with his master in *Lisbon* until he was eighteen years old, when he deserted his service, and went to sea. After staying away until he was more than twenty-one years old, he came back, in 1815, to *Sterling ;* where he resided about four months, having inherited from his maternal grand-father lands in that town of the value of 200 dollars. He then sold his lands ; married an inhabitant of *Plainfield ;* went there to live ; and, at the end of one year, went to sea, and has never returned, leaving his wife and two children born of her, being the paupers mentioned in the declaration.

On these facts, the county court, in which the cause was tried, charged the jury, that the town of *Sterling* was liable

for the support of the paupers. A verdict being returned for the plaintiffs, the defendants filed a bill of exceptions, and brought a writ of error founded thereon, in the superior court, which was reserved for the advice of all the Judges.

*Windham,*
*July,*
*1821.*

*Sterling*
*v.*
*Plainfield.*

*Cleaveland*, for the plaintiffs in error, contended, 1. That *Stephen Stacey's* place of settlement was in *Massachusetts*, where he was born ; as it does not appear that he subsequently gained a settlement elsewhere.

2. That the settlement of *Sylvester Stacey*, a legitimate son, followed that of his father. This is conformable to the doctrine of the common law. 1 *Bla. Comm.* 363. If an inhabitant of *Massachusetts* comes into this state, and has a child here ; will it be claimed, that the child is settled here, while the father is liable to be driven away ? It makes no difference, that the fact, by virtue of which the settlement was derived, took place in another state. *Dalton* v. *Bernardston*, 9 *Mass. Rep.* 201. 203.

3. That the settlement of *Sylvester Stacey* was communicated to his wife by marriage, and to his children by parentage.

*Goddard*, for the defendants in error, contended, That the settlement of *Sylvester Stacey* being *prima facie* in *Sterling*, by birth, it is necessary, in order to supersede that settlement, to shew as a matter of fact, that by the laws of *Massachusetts*, he had a derivative settlement there. No such fact is disclosed, by the record. These paupers cannot be sent to *Massachusetts* for support, until it be proved, as other facts are proved, that by the laws of *Massachusetts*, the birth of a bastard there, gives his children and grand-children, born in *Connecticut*, a settlement in *Massachusetts*.

Hosmer, Ch. J. The general question for determination, is, whether the paupers named in the plaintiffs' declaration are inhabitants of the town of *Sterling*. Many of the facts stated in the bill of exceptions, are unnecessary, and answer no valuable purpose. There is no ground of pretence, that *Stephen Stacey*, by commorancy, or in any other manner, obtained a settlement in this state ; and as little is there, that by *Sylvester Stacey* any such settlement was gained, unless by his birth. His residence at *Lisbon*, when a minor, was followed by no legal consequence, since by our law an infant can ob-

*Windham, July, 1821.*

*Sterling v. Plainfield.*

tain no settlement by commorancy.  *Huntington* v. *Oxford,* 4 *Day,* 189.

Having been born in *Sterling, that* is the place of *Sylvester Stacey's* settlement, unless it appear that he is settled elsewhere ; for wherever a child is first known to be, *that* is always, *prima facie,* the place of his settlement, until some other can be shewn.  1 *Bla. Comm.* 362.    2 *Burn's Just.* 312. *Newtown* v. *Stratford,* 3 *Conn. Rep.* 600.    And as the paupers have acquired no settlement for themselves, they necessarily have their settlement with *Sylvester Stacey.*

The only remaining enquiry is, whether the settlement of *Sylvester Stacey* in *Massachusetts,* was communicated to his son *Sylvester.* By the *English* law, as well as by our own, the child acquires by parentage a settlement with his father ; (1 *Bla. Comm.* 363. *Foley's Poor Laws* 269. 3 *Burn's Just.* 313. *Newtown* v. *Stratford,* 3 *Conn. Rep.* 600.) and if *Stephen Stacey* had been settled in any town in this state, *that* would be the settlement of his son. But does the law of *Massachusetts* recognize a child born in another state as being settled with his father in that state ?    This presents the only difficulty in the case.    On this point the record is silent ; and we cannot judicially know what the law of a foreign state is, but it must be proved like any other fact.    *Mostyn* v. *Fabrigas, Cowp.* 161.    We are not to assume, that *Sylvester Stacey* would be deemed a settled inhabitant in the state of *Massachusetts ;* and without this assumption, we cannot say, that he had not a settlement by birth in *Sterling.*    *Rex* v. *St. Botolph's,* 1 *Burr. Sett. Ca.* 370. *Hebron* v. *Marlborough,* 2 *Conn. Rep.* 18.    It would be unjust, and against law, to deprive a person of his settlement here, before we know that he is settled elsewhere, and thus to render him a vagrant ; and on this subject we must not be guided by conjecture.    It is matter of regret, that on this all-essential point, the record is silent ; but we are bound to take it as it is.

It results, that the paupers have their settlement in *Sterling,* and that the decision below is correct.

The other Judges were of the same opinion.

Judgment to be affirmed.