THE TOWN OF UNION *vs.*. THE TOWN OF PLAINFIELD.

Upon the question where a pauper was born, the declarations of the father, since deceased, that he was born in *P*, are not admissible.

Nor a record entry to the same effect in a family Bible belonging to and kept by the father.

And held that the fact that the pauper was first known at the age of four years residing with his father in *P;* furnished no legal presumption that he was born there.

Nor the fact that his first recollection was of being in *P*.

And these facts could not confer a settlement upon him.

ASSUMPSIT for supplies furnished to a pauper claimed to belong to the defendant town; brought to the Superior Court in Tolland County, and tried to the court on the general issue.

On the trial the plaintiffs, for the purpose of proving that the pauper, David T. Walls, was settled in the town of Plainfield, offered evidence that his father, (who was of foreign birth, and had no legal settlement in this state, and who had since died,) on a certain occasion in conversation with his son David at Plainfield, pointed toward an old house standing in a garden there and said to him, "You was born in that garden." They also offered in evidence an entry in a family record contained in a Bible formerly belonging to and kept by the father, that David the son was born in Plainfield. To both these items of evidence the defendants objected, and the court reserved the question of their admissibility for the advice of this court, finding, if either item of, the evidence was admissible, that the pauper was born in Plainfield, otherwise that there was no evidence of the place of his birth.

The court also found that the place where the pauper was first known to reside was with his parents in the town of Plainfield when he was from four to nine years old, and that the place where the pauper remembered first to have lived was Plainfield ; also that if he had no settlement in Plainfield he had acquired none in the state.

Upon these facts the case was reserved for the advice of this court.

*M. R. West* and *Marcy*, for the plaintiffs, cited 1 Swift Dig., 764; 2 id., 821; *Hammick* v. *Bronson*, 5 Day, 290; *Chapman* v. *Chapman*, 2 Conn., 348; *Newtown* v. *Stratford*, 3 id., 600; *Sterling* v. *Plainfield*, 4 id., 114; *Higley* v. *Bidwell*, 9 id., 447, 451; *Middlebury* v. *Bethany*, 32 id., 71; 1 Greenl. Ev., §§ 106, 593; 1 Phil. Ev., 213, 250, 255, 257; 1 Bla. Com., 363; *Shields* v. *Boucher*, 1 De G. & Smale, 40; *Rishton* v. *Nesbitt*, 2 Mood. & Rob., 554; *Rex* v. *North Petherton*, 5 Barn. & Cress., 508; *Higham* v. *Ridgway*, 10 East, 109, 120; *Doe* v. *Robson*, 15 id., 32; *Ward* v. *Oxford*, 8 Pick., 476.

*Penrose*, for the defendants, cited 1 Greenl. Ev., §§ 103, 104; *Brown* v. *Crandall*, 11 Conn., 92, 94; *Braintree* v. *Hingham*, 1 Pick., 245; *Wilmington* v. *Burlington*, 4 id., 74; *Albertson* v. *Robeson*, 1 Dallas, 9; *Mima* v. *Hepburn*, 7 Cranch, 290; *Rex* v. *Nuneham Courtney*, 1 East, 373; *Rex* v. *Chadderton*, 2 id., 27; *Rex* v. *Ferry Frystone*, id., 54; *Rex* v. *Abergwilly*, id., 63; *Rex* v. *Erith*, 8 id., 539; *Shields* v. *Boucher*, 1 De G. & Smale, 40; *Rex* v. *Trowbridge*, 7 Barn. & Cress., 252.

CARPENTER, J.   The material question before the Superior Court was, whether the pauper had a settlement by birth in the town of Plainfield.   To prove such settlement the plaintiffs offered in evidence the declaration of the father of the pauper, now deceased, that he was born in Plainfield; and also an entry in the family record, contained in a Bible formerly belonging to and kept by the father, which stated that the pauper was born in Plainfield.   If this evidence is admissible, the court finds that the pauper's birth was in Plainfield. Otherwise, if inadmissible.   The first question reserved is, whether such evidence is admissible.

This is not a question of pedigree.   There is no doubt about his parentage.   It is a simple question of locality— where was the pauper born?   The place of one's birth cannot be proved by hearsay.   That seems to be well settled law, both in England and in this country.   In *Rex v. Erith*, 8

East, 539, this very question was decided. Many other English cases may be cited to the same effect, and no case cited by counsel contains a different doctrine. The latest case referred to, *Shields* v. *Boucher*, 1 De Gex & Smale, 40, when carefully examined sustains the same principle. The question in that case was purely one of pedigree. The Vice-Chancellor held that the place from which a person came might be shown by his declarations, he being dead, as tending to prove that he belonged to a certain family residing in that place. He clearly recognises the law to be as stated above. In Swift's Digest, vol. 1, page 765, it is stated expressly that the declaration of a deceased parent as to the place where the child was born is not admissible. In *Brown* v. *Crandall*, 11 Conn., 92, is a dictum of Judge Waite to the same effect. Such also is the law in Massachusetts. *Wilmington* v. *Burlington*, 4 Pick., 174.

The admissibility of the entry in the family bible depends substantially upon the same principle. Recitals in deeds and wills, on account of the solemn character of the instruments, have, in some instances, been received in evidence. So also have entries made by parties against their own interest. But those cases stand on different grounds, and are not authorities in point. We are not disposed to establish a new exception to the rule excluding hearsay evidence.

The fact that the pauper was first known, at the age of four years, residing with his parents in Plainfield, furnishes no legal presumption that he was born there. Nor the fact that his first recollection was of being in Plainfield. Those facts are perfectly consistent with the supposition that he was born elsewhere. Nor does the fact that we first know of him as being in Plainfield confer a settlement upon him in that town. This is a novel kind of settlement, and one not referred to in any of the books. The language of HOSMER, C. J., in *Newtown* v. *Stratford*, 3 Conn., 600, and *Sterling* v. *Plainfield*, 4 Conn., 116, relied upon by the plaintiffs' counsel as supporting this strange claim, has reference simply to the place of birth.

We advise the Superior Court that the. evidence is not admissible, and that judgment should be rendered for the defendants.

In this opinion the other judges concurred.