GEORGE SARGENT ET AL. V. A. A. LAWRENCE ET AL.

Decided June 9, 1897.

1. **Grantee of Land—Evidence to Identify—Proof of Military Service— Hearsay.**

Land was patented to Thomas Sargent by virtue of a certificate issued to Thomas Largent for military service in the army of the Republic; plaintiffs claimed it under Thomas Sargent as the grantee, and defendants under Thomas Largent. It was improper to permit a witness for defendant to testify that Thomas Largent, who was his brother, told him in 1838 that he had been with Sam Houston and David Crockett, such evidence, as proof of military service by Largent entitling him to a bounty warrant, being hearsay.

2. **Same—Charge.**

On such issue a charge that, if the original bounty warrant issued to Thomas Largent, he or defendants claiming under him would own the land, was misleading and erroneous, unless coupled with instructions as to the effect of such form of the certificate if it was intended for Thomas Sergent and the name Largent was a mistake.

3. **Same—Muster   Roll—Archives—Deposition—What   Documents   Jury May Take With Them.**

The muster roll of a company, a properly certified archive of the Land Office, but attached to a deposition identifying it, should have been permitted to be detached and taken with them by the jury on retiring.

4. **Same—Certificate of Commissioner.**

It was error to permit the jury to take with them a certificate of the Commissioner of the General Land Office, a part of which was improper evidence and had been excluded.

5. **Court and Jury—Urging Agreement.**

See opinion for remarks of trial judge urging the jury to agree upon a verdict, held to constitute error.

APPEAL from Runnels. Tried below before Hon. B. W. RIMES.

*C. S. Miller, W. J. Wingate*, and *James H. Robertson*, for appellants, cited in support of the assignments of error copied in the opinion the following authorities:

Fourth assignment: Smith v. Shinn, 58 Texas, 3; Byers Bros. v. Wallace, 87 Texas, 503; Hill v. Smith, 6 Texas Civ. App., 317.

Fifth assignment: Rev. Stat., art. 1303; Pridgen v. Hill, 12 Texas, 374; Chamberlin v. Pybas, 81 Texas, 516.

Sixth assignment: Rev. Stats., article 1303 (last sentence of the article); Lumber Co. v. Denham, 85 Texas, 61.

Ninth assignment: Railway v. Rogers, 36 S. W. Rep., 243.

Fourteenth assignment: Railway v. McCue, 35 S. W. Rep., 1080; Renn v. Samos, 42 Texas, 104; Carroll v. Evans, 27 Texas, 267; 2 Thomp. Jury Trials, sec. 2303.

*Sims & Snodgrass* and *Jenkins & McCartney*, for appellees.—To fourth assignment: This evidence was offered for the purpose of identifying Thomas Largent as the grantee in certificate, and was clearly admissible upon this identity. McNeil v. O'Conor, 79 Texas, 227; Byers v. Wallace, 87 Texas, 503.

To fifth assignment: Even if this be error, which is not admitted, it is not material to authorize the reversal of any case. The roll having been fully read to the jury and before them, was also, as to every material fact which it found, proven by the depositions of three members of Captain Colerick's company and R. M. Hall, and the uncontradicted evidence of witnesses showed Thomas Sargent was a member of Colerick's company, and no Thomas Largent in said company.

To sixth assignment: The fact as to delivery of patent to Maverick was a fact which the commissioner certifies appears from records, papers, and documents of his office, and was a proper fact to be certified, and the action of the court in permitting same to go, under the circumstances, if it amounted to anything, would merely in effect be admitting testimony, and would not be error. Again, same fact was proved by other testimony without objection.

KEY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, resulting in a verdict and judgment for Harvey Hamilton and other defendants who were heirs of William Hamilton, deceased. The fourth, fifth, sixth, ninth, and fourteenth assignments of error read as follows:

"4. The court erred in permitting the defendants to read in evidence, over plaintiffs' objections, that part of the deposition of L. S. Largent stating that his brother, Thomas Largent, told him, in 1838, that he 'lived in the southwestern part of the State of Texas, and that he had been with Sam Houston most of the time, and Davy Crockett;' and that said Thomas Largent stated to said witness, at said time, 'that he had spent most of his time with Sam Houston;' because said testimony was hearsay evidence and not admissible, and the same constitutes material and reversible error, because it tended to connect Thomas Largent with

the army of the Republic, and was especially hurtful to the plaintiffs, which will appear from plaintiffs' bill of exceptions.

"5. The court erred in refusing to permit the plaintiff to detach from the depositions of A. Deffenbaugh the certified copy of the muster roll of Captain Colerick's company, and in refusing to permit said certified copy to be carried out by the jury for their inspection while deliberating upon their verdict; the said paper, being a certified copy of the muster roll aforesaid duly certified to by the Commissioner of the General Land Office as an archive of his office, was complete within itself without reference to the deposition of said witness, and was merely identified by said witness as the roll of said company, and having been read in evidence to the jury, it was error for the court to refuse to permit said paper to be carried out by the jury, all of which will appear from plaintiffs' bill of exceptions.

"6. The court erred in permitting the jury, over plaintiffs' objections, to carry out with them for inspection and consideration during their deliberation the certificate of the Commissioner of the General Land Office, to the effect that the land in controversy was patented by virtue of the Thomas Largent certificate, to which the following was added: 'I further certify that the said patent was delivered by this office to S. A. Maverick on May 14, 1858,' which had been excluded, on plaintiffs' objections, from the jury, and yet, notwithstanding the fact that the above quotation from said certificate had been by the court excluded from the jury, the jury were permitted to carry out said certificate with them and consider the same in their deliberation without being instructed by the court to disregard and not consider that part of said certificate which had been excluded, which will appear from plaintiffs' bill of exceptions. The fact recited in said excluded testimony being material to connect said Maverick with the location of said certificate, it was error to permit the same to be considered by the jury, it not being such fact as the Commissioner of the General Land Office could properly certify to.

"9. The court erred in giving to the jury the special charge asked by the defendants, as follows, to wit: 'If you believe from the evidence that the original certificate or bounty warrant issued, and upon which the land in controversy in this case was located, was issued to Thomas Largent and not to Thomas Sargent, the fact that the patent to said land was issued to Thomas Sargent would not be evidence of title to said land in the heirs of Thomas Sargent, but the same would be, and is, the property of Thomas Largent, and those defendants in this cause who have shown title to the land under regular deeds and conveyances under him,' because said charge, without explaining therein the question of mistake in the issuance of the certificate, was calculated to and did mislead the jury, and was in conflict with the main charge of the court, and amounted to an instruction to the jury to return a verdict for the defendants because said certificate was, upon its face, issued to Thomas Largent, and the same gave too much prominence to the defendants' theory of the case.

"14. The court erred in the verbal instructions and remarks made to

the jury and in permitting counsel for defendants to make a statement to the jury as follows, to wit: The jury, after having received the charge of the court, and having been out in charge of the sheriff for about nineteen hours considering their verdict, were, at their request, brought into court, when they repeatedly stated to the court that they were hopelessly divided, and that it was impossible for them to agree upon a verdict and requested that they be discharged. Thereupon the court stated to the jury that the case had been on the docket for a long time, and that it was expensive to the county, and it was desirable that litigation should end, and that, if there was a large majority of the jury on one side and a small minority on the other side, that perhaps the minority would yield to the will of the majority, and by further consideration they might reach a verdict. Thereupon counsel for defendant stated to the jury that it was an important case, and that some of the defendants had come from the State of Tennessee, at great expense, to be present at the trial, and that it was important that the case be decided by them. [The plaintiffs objected to this whole proceeding, and excepted to the remarks and action of the court and counsel for defendants, as will appear from plaintiffs' bill of exceptions.]

"The jury retired to their room, and within five minutes reached a verdict for the defendants. The statements made to the jury by the court and its action in permitting the defendants' counsel to make said statement to the jury were calculated to and did coerce the jury in rendering their verdict; that said conduct was calculated to and did impress the jury with the belief that it was the duty of the minority to yield to the will of the majority, and the statement made by counsel for defendant amounted to giving testimony, irrelevant, though hurtful to the plaintiffs in character, to the jury after their retirement and consideration of the case, and the same constituted reversible error."

These assignments indicate, with sufficient accuracy, the matters complained of by each. It is proper to add, however, that in the matters objected to in the fourteenth assignment the bill of exception shows, in addition to the facts stated in the assignment, that the trial judge admonished the jury that they should not violate their conscientious convictions in order to reach a verdict; and the record shows that the counsel who made the statement to the jury, of which complaint is made, was attorney for another set of defendants who were claiming adversely to the defendants in whose favor the jury decided, as well as adversely to appellants.

But notwithstanding these qualifications, we think this assignment, and the other assignments set out above, point out material errors committed in the trial of the case; and our reasons for so holding will be briefly stated:

1. Appellants, who were plaintiffs in the court below, claim the land under a patent issued by the government to Thomas Sargent. The land was located and surveyed by virtue of a certificate issued in the name of Thomas Largent; and the defendants claim under one Thomas Largent.

The plaintiffs' theory is, that Thomas Sargent, and not Thomas Largent, rendered the military service that entitled him to the certificate, and that the intention was to issue it to Thomas Sargent, but, by mistake in writing the certificate, the name Largent was written instead of Sargent. The theory of the defendants is, that a man named Thomas Largent rendered the military service entitling him to such a land certificate; that it was issued for and to him; and that a mistake was made in issuing the patent in the name of Thomas Sargent. The certificate was issued November 28, 1837; was for a bounty warrant for military services rendered from November 15, 1836. L. S. Largent testified for the defendants, that he had a brother named Thomas Largent, born in Henry County, Tenn., in 1817; that he came to Texas in 1834; that he saw him in Texas in 1838; and Thomas Largent then told him "that he was from the southwestern part of the State, and that he had been with Sam Houston most of the time, and David Crockett."

It is an historical fact, of which courts must take judicial knowledge, that in the war between Texas and Mexico Sam Houston held a high military office and was actively engaged as a leader in the Texas army. This knowledge renders obvious the relevancy of the hearsay statement of the witness that Thomas Largent said he had been with Houston. It tended to prove that Thomas Largent served in the Texas army and was entitled to a bounty warrant, such as was located on the land in controversy. This testimony does not come within the rule which permits proof of pedigree, and kindred matters, by hearsay evidence. Thomas Largent's service in the army of Texas was not a matter of pedigree; but was, if he rendered such service, a separate and distinct fact, upon which rested his right to such a land certitficate as was issued. The testimony was not admissible. Byers v. Wallace, 87 Texas, 503.

2. The certified copy of the muster roll of Captain Colerick's company appears to have been introduced in evidence upon the theory that the original was an archive of the Land Office; and, having been so admitted in evidence, the court should have allowed the jury to take it with them when they retired to consider the case. The fact that it was attached to the deposition of a witness, and that there is a statutory inhibition against depositions being taken to the jury room, are unimportant. Its connection with the deposition did not change the fact that the court admitted it as independent evidence; and having so admitted it, it should not have been withheld from the jury when the plaintiffs asked that it remain in their possession while considering of their verdict.

3. After having excluded part of the certificate of the Commissioner of the Land Office, the court should not have allowed the jury, in retiring to consider of their verdict, to take with them the entire certificate, with nothing to show, and no admonition to disregard, the portion that was excluded. In fact, unless something was pasted over the excluded portion so as to prevent its being read by the jury, the entire certificate should have been withheld from the jury room. Lumber Co. v. Denham, 85 Texas, 61.

4. The charge objected to by the ninth assignment is subject to the criticism urged against it by appellants. It is susceptible of the construction, and the jury may have understood it to mean, that, if the original certificate or bounty warrant was issued in the name of Thomas Largent, he, or the defendants claiming under him, would own the land; which, as applied to this case, is not a correct statement of the law, because if, as contended by appellants, the officer issuing the certificate intended it for Thomas Sargent and by mistake wrote the name Largent instead of Sargent, the land would belong to Thomas Sargent, or those holding under him.

5. The remarks of the trial judge when the jury reported that it was impossible for them to agree were probably understood as a suggestion that, if there was a considerable majority on one side and a small minority on the other, the minority ought to yield and agree with the majority. Under our system of jurisprudence the functions of the judge and jury are separate and distinct, and the former is not permitted to attempt, even by suggestion, to assist the latter in the performance of duties assigned by statute exclusively to them. The remarks referred to were improper, and in view of the fact that the jury returned a verdict in about five minutes after they were made, it is highly probable that they had a potent influence with some of the jurors.

The other points made in appellants' brief are not regarded as tenable. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*