UNITED STATES v. LEU JIN.

(District Court, S. D. New York. November 29, 1911.)

ALIENS (§ 32*)—CHINESE LABORERS—DEPORTATION PROCEEDINGS—NATIVITY—EVIDENCE—WEIGHT.

Evidence in a deportation proceeding *held* to show that defendant is an American citizen, and not a Chinese laborer unlawfully in the country.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

Deportation proceeding by the United States against Leu Jin. From an order for deportation, defendant appeals. Order reversed.

Henry A. Wise, U. S. Atty., and Roger H. Clarke, Asst. U. S. Atty.

James A. Donegan, for defendant.

HOLT, District Judge. This is an appeal from an order of a commissioner directing that the defendant be deported on the ground that he is a Chinese laborer in this country without a certificate. He claims that he is an American citizen, born in San Francisco. This claim of American citizenship by a person of Chinese descent is one which can be easily fabricated, and which, if fabricated, is very difficult to be disproved by the government. On the other hand, if it is true, there are generally no witnesses who can prove it, except Chinese witnesses. It is easy to decide such cases on the theory that all such claims are false. Probably many of them are false, but some of them must be true; for there must be a considerable number of persons of Chinese descent born here since Chinese immigration into this country began. In this case, there is sufficient formal evidence that the defendant was born in this country. The government asserts that such evidence cannot be accepted, because of inconsistencies between the statements made by the defendant and some of his witnesses on the examination by the Chinese inspector before his arrest and the evidence given in this proceeding. These inconsistencies substantially relate to the conditions of the life of the defendant in San Francisco. The proof is that he came to New York when he was about 8 years old. The statements made to the inspector before arrest and the testimony of some of the witnesses on the hearing differ as to some details of his life in San Francisco. For instance, the defendant says that he lived with his father and mother in the front of the first floor of a house

there, and that there were no other women or children on that floor. Some of the older witnesses say that there was another Chinese family, with women and children, in the rear of the same floor. The defendant, also, in his statement to the inspector, said at first that he did not know of any one who could prove his birth in San Francisco, but afterwards said that Leu Dock Yuen could do so, but he did not know where he was. Leu Dock Yuen is produced as a witness and testified in the case; but it seems to me not strange that the defendant should not have known where he was when first interrogated by the inspector. The defendant at that time was living, and had been living, for 5 or 6 years in the Bronx. Nor does it seem strange to me that a boy leaving San Francisco 24 years ago, when he was 8 years old, should not remember accurately the details of his early life there.

The weighty fact in this case, in my opinion, is the fact that he has been in and about New York ever since he was about 8 years old. His own story and the evidence of the various witnesses called as to the fact that he came to New York at that time are perfectly consistent. They all give the various places where he has lived in this country, the time he has lived in each place, and the occupations which he has followed from that time to this, and their evidence in that respect is entirely consistent. For 5 or 6 years past he has had, in partnership with another Chinaman, a laundry in the Bronx, and his American landlord and other American witnesses give strong testimony in favor of his honesty and good character. The government's claim is that he was born in China. But he could not have come from China alone at any time before he was 8 years old, and people in that station in life coming from China very rarely bring any children of that age with them. It is impossible in this class of cases to be sure what the truth is, but in my opinion the evidence in this case preponderates that the defendant was born in this country and is an American citizen.

The order for his deportation is reversed.