## UNITED STATES v. LEM YOU.

### (District Court, S. D. New York.   May 6, 1915.)

#### No. 1.–315.

1. ALIENS ⬤⟿32—DEPORTATION OF CHINESE—EVIDENCE.

In a proceeding to deport a Chinese person, who, when arrested, was taken directly before a commissioner and examined, such examination was not inadmissible as evidence on the ground that such an examination carried on without counsel and was unlawful, as such proceedings are summary, and not to be compared with the trial of a civil or criminal suit, or hearings before a committing magistrate.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬤⟿32.]

2. ALIENS ⬤⟿32—DEPORTATION OF CHINESE—EVIDENCE.

In a proceeding to deport a Chinese person, evidence *held* to show that he was born in this country.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬤⟿32.]

3. ALIENS ⬤⟿32—DEPORTATION OF CHINESE—HEARSAY—EVIDENCE OF PEDIGREE.

In a proceeding to deport a Chinese person, his testimony that his father told him he was born in San Francisco, though hearsay, was admissible and competent; the matter being one of pedigree or descent.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⬤⟿32.]

Proceeding to deport Lem You.  From an order of Commissioner Houghton directing his deportation under the Chinese Exclusion Act, defendant appeals.  Order of deportation reversed.

Max J. Kohler, of New York City, for appellant.

Edwin M. Stanton, Asst. U. S. Atty., of New York City, for the United States.

HOUGH, District Judge.   [1] A point of law is raised by this appeal which to me is novel.  When Lem You was arrested, instead of being taken for examination before an inspector or immigration officer, he was haled directly before Commissioner Houghton and there asked certain questions and made certain answers.  This examination was offered in evidence by the government, and objected to on the ground, substantially, that such an examination carried on without counsel was unlawful.

In my opinion, proceedings in the matter of Chinese exclusion are summary; they are not to be compared with the trial of either a civil or criminal suit, nor do they resemble hearings before a committing magistrate.  The statute contains no prohibition upon asking a Chinaman questions regarding his right to remain in this country at any time or place, or by any officer or official, and what the statute does not forbid it is not in the interests of justice to read into the act, because (as I have said in other Chinese cases) it is highly conducive to ascertaining the truth to find out what the Chinaman will say when suddenly asked as to his right to remain.

[2] Holding that this examination was a proper piece of evidence, I fail to see how it injures appellant's case. He immediately claimed American birth, said he had been in New York since he was about four years old, and gave the name of a man who had known him and looked after him since his father returned to China, while the appellant was still very young. The result of all the evidence is that it is true that this young man has known no other home than New York City for 21 of the 25 years of his life, and that fact is weighty matter in his favor, as was held in United States v. Leu Jin (D. C.) 192 Fed. 580.

[3] For the rest he testifies, and testifies alone, that according to his father's statements to him he was born in San Francisco, and his evidence, though hearsay, is admissible and competent, because the matter is one of pedigree or descent. It is undoubtedly true that the only direct testimony as to this appellant's place of birth is his statement, based upon his father's assertions. But it has often been pointed out in cases of this nature that the truth is singularly difficult to ascertain, and I think that little can ever be arrived at with absolute accuracy. If the appellant's story is not true, he is indeed a man without a country, for it is overwhelmingly proven that he has spent all his life, except infancy, in the United States.

I think I am entitled to weigh the probabilities, and to incline perhaps in favor of the appellant, from previous experience with the habits of Chinamen living in this country as revealed by evidence in other cases. If Lem You was not born in San Francisco, then his father must have left China with a wife and an infant child and brought them both to San Francisco. Consequently he could have been in the United States but a very short time before he found his way across the continent in order to try fortune as a peddler of groceries in this city. I think this is extremely unlikely. A peddler of groceries is engaged in a very humble vocation, and I do not think it at all probable that Lem You's father drifted so far from San Francisco in so short a time as to render it possible that Lem You himself was born in China. It is not the quantity but the quality of evidence which carries conviction, and so far as I am concerned there is such an absence of contradiction, such a sobriety in the story as told, that I am persuaded that this appellant is native-born.

The order of deportation is reversed.