## UNITED STATES v. MOY TOOM.

(District Court, S. D. New York. June 2, 1915.)

ALIENS ⟨⟩32—DEPORTATION OF CHINESE—PROCEDURE.

Where a Chinese person sought to be deported was afterwards given an opportunity to appear with counsel, to be examined, to call witnesses, and to cross-examine the government's witnesses, it was immaterial that he was first examined in the absence of counsel, or whether such preliminary inquisition was before an inspector or commissioner.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⟨⟩32.]

H. S. Marshall, U. S. Dist. Atty., of New York City, for the United States.

Robert M. Moore, of New York City, for defendant.

LACOMBE, Circuit Judge. As to the technical point raised that on his first examination defendant was instructed to answer questions as truthfully as he could, although he had stated that he did not want to answer any question till he saw a lawyer, I fully concur with Judge Hough's ruling in United States v. Lem You, 224 Fed. 519. It would seem to make little difference whether this preliminary inquisition is had before inspector or commissioner, so long as thereafter the Chinese person is given opportunity to appear with counsel, to be examined (this defendant did not take the stand on the formal examination), to call witnesses, and to have counsel, if he chooses, to cross-examine witnesses called by the government. All these privileges he had. An offer to hear further testimony in this court was declined. Examination of very many records in these cases has induced the conviction that it tends greatly to elucidate the truth to hear what the Chinese person has to say about such simple facts as his age, parentage, relationships, occupation, and localities where he has lived, and the circumstances attending his latest entry into this country, *before* his lawyer appears.

The discrepancies between defendant's story and that of his witness are so great that my conclusion is the same as the commissioner's.

Order affirmed.