**BREWSTER, Inspector, v. VILLA.**

**No. 8419.**

Circuit Court of Appeals, Fifth Circuit.

June 25, 1937.

854

Douglas W. McGregor, U. S. Atty., and George P. Red and Brian S. Odem, Asst. U. S. Attys., all of Houston, Tex., for appellant.

H. L. Faulk, of Brownsville, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

Jose Villa, held under a warrant for deportation as a Mexican, obtained a writ of habeas corpus on the claim that he is a citizen by birth of the United States. The immigration officer in response to the writ set up that the warrant under which Villa is held was issued by the Secretary of Labor after a full and fair hearing, and in accordance with law, and he denied all allegations of the petition not thus admitted. No traverse was made of the answer, but evidence was heard and the judge held that Villa was born in the United States and is entitled to be released.

Since Villa did not traverse the answer to the writ he thereby admits that he is held as it states under a regular warrant for deportation issued after a fair and legal hearing. Crowley v. Christensen, 137 U.S. 86, 11 S.Ct. 13, 34 L.Ed. 620; Stretton v. Rudy (C.C.A.) 176 F. 727. He was nevertheless entitled to a judicial trial of his contention that he is a United States citizen, for the Secretary of Labor has jurisdiction to deport only aliens. We think the burden of proof was on Villa to sustain his allegations that he is a citizen born in the United States, both because there is a presumption that the deportation proceedings and warrant are correct and valid and because the facts about Villa's birth ought to be better known to and more easily proved by him than by strangers. The only evidence he produced on the point was his own testimony that his earliest recollections were of El Paso, Tex., and that his mother told him that he was born there. He testifies further that he became a wanderer when a mere boy because his mother was living with a man he did not like, but he saw her years afterwards in Los Angeles, when she told him that she was born in the United States and was a citizen thereof. He has not seen her since. He testifies that he has been arrested in many places in the United States for vagrancy, larceny, burglary, and things like that, and was deported to Mexico in 1928, he then stating untruthfully that he was a Mexican citizen; he returned to the United States in 1930 and was deported to Mexico in 1934; returning in 1935 he was again deported that year. In all these proceedings he claimed to be a Mexican, born in Mexico, and pleaded guilty twice to illegal entries and served sentences without claiming to be a citizen of the United States. The Mexican Consul issued to him certificates of Mexican citizenship when deported in 1933 and 1935. The immigration officers testified that in the various deportation proceedings, including the present one, Villa always testified to his birth at Mexico City July 2, 1899, and that the immigration authorities of Mexico had always accepted him as a Mexican citizen when deported.

Villa's previous sworn statements that he was born in Mexico City July 2, 1899, are of course primary evidence against him, being his own admissions. He does not deny making them. The certificates of Mexican citizenship issued to him and his acceptance by Mexico as a citizen corroborate them. Against them is his present statement that his earliest recollections are of El Paso, Tex. If this be true, it does not prove that he was born there. He must rely at last on his statement that his mother told him he was born in El Paso. On its face this is mere hearsay; but from necessity declarations by deceased members of a family are received in matters of pedigree, including the facts of birth, death, marriage, and the like. That family repute or declarations or entries shall be received to prove the place of a birth, when not offered to show relationship to a family of that place, but to secure some benefit depending on birth at that very place, has been denied. Thus in a question of the place of a pauper's birth, not to show relationship but to fix a charge on the public, it was early held that a question of pedigree was not involved, and that neither a deceased father's declaration nor his entries of the place of his child's birth were

admissible against the township. Town of Union v. Town of Plainfield, 39 Conn. 563. To the same effect is Wilmington v. Burlington, 4 Pick.(Mass.) 174. The Supreme Court in Mima Queen v. Hepburn, 7 Cranch, 290, 3 L.Ed. 348, recognized the exception to the rule against hearsay in proof of pedigree, but held that it did not extend to declarations of a deceased person touching status as slave or free. Adverting to the question whether a pauper's birthplace could be proved by such hearsay, the court said (7 Cranch, 290, at page 296, 3 L.Ed. 348) it agreed that it could not be. The ruling was adhered to in Davis v. Wood, 1 Wheat. 6, 4 L.Ed. 22. In Fidelity Mutual Life Association v. Mettler, 185 U.S. 308, 321, 22 S.Ct. 662, 46 L.Ed. 922, it was held that the death of an insured could not be proved by family repute or belief as against a life insurance company, for it was not then a question of pedigree or relationship. So the Texas courts refused to allow family declarations to prove that a person died in a particular battle or was a soldier of Texas so as to be entitled to land because thereof. Byers v. Wallace, 87 Tex. 503, 28 S.W. 1056, 29 S.W. 760; Sargent v. Lawrence, 16 Tex.Civ. App. 540, 40 S.W. 1075. Prof. Wigmore discusses the subject and thinks a more liberal rule should apply, as some courts have held, in allowing family declarations to show both the fact and the place of birth or death. But he states that such hearsay evidence is admitted only from necessity and "if the evidence offered be the declaration of an individual it is clear that at least the declarant must be shown to be unavailable by decease or otherwise." Wigmore on Evidence (2d Ed.) § 1481 (4), and cases cited. Villa does not say his mother is dead, or even that he does not know where she is. She is not shown to be inaccessible. What she said is in no view proper evidence.

But, if admitted, when weighed against all the established facts of Villa's career and his frequent sworn statements that he was born in Mexico City and was a Mexican citizen, his present testimony of a contrary statement by his mother ought not to be accepted as establishing citizenship by birth in the United States. As stated by Chief Justice Marshall in Mima Queen v. Hepburn, supra, such evidence is inherently weak, easily concocted, and with difficulty contradicted. If admitted at all it ought to be believed only when

corroborated by the circumstances and not where, as here, it is contradicted by them. Compare United States v. Lem You (D.C.) 224 F. 519.

The judgment is reversed, with direction to discharge the writ of habeas corpus and remand the applicant to custody.